THOMAS G. McGEHEE v. CHARLES V. SHAFER

It is admitted that though a party may bring several actions and recover several judgments against joint trespassers, he can have but one satisfaction.

Where A recovered judgment against one of two joint trespassers for $1000, and having a suit pending against the other, gave the latter a receipt for his and another's note, payable in twenty days, for $100 in satisfaction of the damages in the latter suit, and accordingly dismissed said suit; in a suit to enjoin the first judgment, it appeared that the note of the party in the latter suit only had been received, that payment of it never had been made, demanded, or tendered, and the twenty days had elapsed when this suit to enjoin was commenced, but the hundred dollars had been paid into Court; *Held*, That there was no accord, and the injunction was refused.

Appeal from Guadalupe. Charles V. Shafer, the appellee, sued Thomas G. McGehee, the appellant, to Fall Term, 1851, for assault and battery, and recovered judgment for $1,000, which judgment was affirmed, on appeal, at Austin, (November,) 1852. November 8th, 1851, the said Shafer sued Herbert S. Harvey for an assault and battery. Shafer brought this suit, December 23rd, 1852, to enjoin the judgment against him, alleging that the latter suit was for the same trespass, and that the said Shafer, on the 6th day of October, 1852, accepted and received of the said Herbert S. Harvey, a note executed by him and William Lindsey for one hundred dollars, payable in twenty days from the said 6th October, in satisfaction in the said suit, &c., as appeared by said Shafer's receipt a copy of which was filed, and that having received satisfaction for said trespass, he was then threatening also to issue execution on his judgment against this petitioner.

The defendant alleged a conspiracy on the part of McGehee and Harvey to circumvent him in the premises, and alleged that although he had given to said Harvey the receipt alleged in the petition and had dismissed his suit against Harvey ac-

cordingly, yet that he had not in fact received the note as therein acknowledged, nor the hundred dollars. Shafer filed a replication and paid the hundred dollars into Court.

The receipt was as follows : " Lockhart, October 6th, 1852, " Received of Hubbard S. Harvey a note executed by him and " William Lindsey, for one hundred dollars, payable in twenty " days from this date, in satisfaction of damages in the suit of " Charles v. Shafer against said Harvey, in the District Court " of Caldwell county. The said Harvey is to pay all costs in " said suit."

At the trial, Shafer introduced Hubbard S. Harvey, who testified that the said receipt was executed to him, but that the note, as therein described, was not delivered at the time, executed by the parties named in the receipt, nor was the same subsequently executed ; he had never paid said hundred dollars. On cross-examination he stated that he did give a note for one hundred dollars, at the time of receiving said receipt ; that it was not a note signed by William Lindsey, which note had never been paid, but that he had at all times been ready to pay it ; that no demand had ever been made upon him for the execution of a note for one hundred dollars with William Lindsey as his security, as described in said receipt, or had any demand ever been made upon him for said hundred dollars, nor had he ever refused to execute said note or pay said money, nor did he ever tender the hundred dollars.

Shafer dismissed his suit against Harvey at the Fall Term, 1852.

Jury waived ; injunction dissolved, suit dismissed.


*Oldham & Ferrell*, for appellant. The appellee acknowledged the receipt of satisfaction for the trespass, and the law will not permit the plaintiff to recover a double satisfaction. (Stillman v. Hurd, 10 Tex. R. 112.)

The doctrine of the case of Livingston v. Bishop and five other defendants, (1 Johns. R.,) relied on by appellee, viz :

"that where several judgments were obtained the plaintiff may elect *de melioribus dammend*," can have no application here, which would benefit the appellee. His election was made when he executed the receipt, acknowledging satisfaction. Nor can it be urged that the inadequacy of the satisfaction which was accepted, when compared with the judgment for one thousand dollars, which had been appealed from, argues fraud, or mistake ; for the receipt admitting the settlement was executed on the 6th day of October, A. D., 1852, and the former recovery was not affirmed until the November following.

It was held in Ellis v. Bitzer, (2 Ham. 89,) " that in an ac-" tion of trespass against five defendants, when the plaintiff " accepted a note from two in sasisfaction as to them, but not " to operate as a satisfaction for the other defendants, the " cause of action was held to be discharged as to all." (Ellis v. Bitzer, 2 Ham. 89 ; Rubble v. Turner, 2 H. & M. 38.)

Shafer remained contented with the settlement, until the affirmance of the prior judgment for one thousand dollars, for he dismissed the suit against Harvey, in accordance with their contract.

But it is contended that such a judgment against one, will not operate a satisfaction as to others " until it be made productive," so as to change any " concurrent, collateral" remedy a party may have, and that ergo the note which was given in this case, must have been " made productive," by payment, before it could operate as a satisfaction of the collateral, concurrent remedy against appellant.

To this we answer :

1st. That in this case the satisfaction claimed is not, as in the case of a judgment, the result of a legal implication—a deduction of law, but the subject of express stipulation between the parties, in which the appellee admitted the liquidation of his claim for damages.

2nd. The appellee had deprived himself of every collateral, concurrent remedy, by admitting the liquidation of his demand,

not in cash, but in the note given, which, by the terms of his settlement with Harvy, he took as its equivalent.

The satisfaction claimed was not to depend on the payment of the money, on the day stipulated in the note, but was for the note itself.   Shafer taking his chances for the recovery of the amount for which the note was executed.

It has been held that a written discharge of a judgment, for the consideration of less than the amount, is no bar to the recovery of the balance.   Though it is difficult to conceive on what principle of justice such a decision is founded, yet it is respectfully submitted that such authority can have no application here.   At the time of executing the receipt, there had been no final judgment, as before remarked, against McGehee—the final recovery of anything was at least uncertain, and to restrict the amount to be paid, on an amicable settlement, to the full amount of the judgment, would be in effect to defeat such settlement.

Even had the damages which Shafer claimed against appellant been liquidated at the time of the settlement with Harvey, the settlement with, and receipt given to, the cotrespasser, though for a less sum than the debt, and the acceptance of the note in satisfaction, would have made a valid accord and satisfaction.   (Boyd v. Hitchcock, 20 Johns. R. 76 ; Le Page v. McCrea, 1 Wend. R. 164 ; Kelogg v. Richards, 14 Id. 116.)

The tender of the satisfaction agreed on in open Court, and the refusal to accept, constituted a good bar to the enforcement of the judgment, and was equivalent to an accord executed.   (See Coit v. Houston, 3 Johns. Cas. 243.)

*A. J. Hamilton,* for appellee.   The general proposition may be admitted, that but one satisfaction can be had for the same trespass, without prejudice to the judgment in this case.   (Livingston v. Bishop and others, 1 Johns. R. 290.)

It is settled according to the authority of the case cited, that the judgment against the appellant would not have been pleaded in bar to the suit against Harvey, he being entitled to as

many several judgments, as there were trespassers, and then to elect which should be satisfied.

Now it is most respectfully submitted that if a judgment will not, in such case, until it is made productive in satisfaction, operate to change any other collateral, concurrent remedy which the party may have, (3 East, R. 258,) then the unexecuted contract with Harvey cannot defeat the right of the appellee against the appellant.

The party appellee is not concluded by his written receipt. Parol evidence is admissible to show what the consideration was. (1 Rhode Island, 496 ; 3 Kelley, 210 ; 6 B. Mon. 199 ; 3 Johns. Cas. 243 ; 5 Johns. 243 and 386 ; 2 Wash. C. C. R. 180 ; 6 Wend. 390 ; 5 N. Hamp. 136.)

The evidence of Harvey himself shows that no consideration passed to the appellee, at the time of the execution of the receipt ; that Lindsey whose signature was to be procured to the note never signed it.

It is said that a contract to release a debt by a creditor, in consideration of the release of a mortgage by a particular day, is void if the mortgage be released subsequent to the day stipulated. (17 Shepherd, 91.)

It seems also that an unexecuted contract to release, in which the debtor fails, will not support an injunction ; (9 B. Mon. 249 ;) and this is precisely the present case.

Accord and satisfaction can in no case be pleaded, unless it be executed ; (7 Blackf. 582 ; 2 Henning & Munford, 41 ;) and the plea must allege an acquittance by deed. (6 Ired. 133.)

A mere acknowledgment of satisfaction will not be sufficient to sustain the plea—something valuable must be given ; (1 Stewart, 476 ;) and if the satisfaction accrues from a stranger or a third person, it cannot be pleaded as an accord. (6 Johns. R. 37.)

A written discharge of a judgment for the consideration of less than its amount, is no bar to the recovery of the balance. (26 Maine, (13 Sheph.) 88 ; 17 Johns. R. 169 ; 5 Id. 271 ; 9 Id. 333.)

McGehee v. Shafer.

*Walton*, also, for appellee.

WHEELER, J.   It is admitted, that, though a party may bring several actions and recover several judgments against joint trespassers, he can have but one satisfaction.  But where a party relies on an accord and satisfaction, in bar of an action, or in discharge of a judgment, he must show that the accord was fully executed ; for it is well settled that an accord, alone, not executed, is no bar to a pre-existing demand.  (Chit. on Con. 760, 7 Am. 3rd Lond. Edit. 2 Greenl. Ev. Sec. 30.) The only point of controversy has been, whether an accord, with a tender of satisfaction, is sufficient, without acceptance ; and, upon this point, the authorities are not agreed.   The question was considered by this Court in the case of Bradshaw v. Davis, (12 Tex. R. 336,) where the authorities are reviewed ; and the conclusion adopted, that, where the accord was to do a thing in satisfaction at a future day, and performance thereof was tendered at the time appointed, and there was a sufficient consideration to support the agreement, the tender of performance was sufficient.   If, however, the accord be to accept a less sum than a debt, in satisfaction of it, there must be an actual acceptance, in order to constitute a defence to the debt ; and a mere tender is not sufficient, for there is no consideration to support the agreement.  (Story on Con. Sec. 982 b, 3rd Edit.)   Here the accord pleaded was not to do the thing in satisfaction, that is, to give the note of the defendant, Harvey, with Lindsey as security, at a future day, and a tender of performance accordingly ; consequently the question of the effect of such tender does not arise in this case.   And if such had been the agreement, there never was a tender of performance of the agreement, in the terms of it ; for the note was never executed by Lindsey.   The question here is, whether the accord was, in fact executed ; and we think it is clear that it was not.   The thing to be received in satisfaction, was a note executed by Harvey and Lindsey ; and it is proved indis-

putably, that Lindsey never did sign the note ; and there is no proof that the plaintiff, Shafer, ever agreed to dispense with, or relinquished, his right to have the note executed by Lindsey. Nor is any consideration shown, to support such an agreement on his part, express or implied. It is true, he gave his receipt, expressing an acknowledgment of his having received the note executed by Harvey and Lindsey, "in satisfaction of damages in the suit of," &c. But it is not questioned, that it was competent to explain this receipt by parol, and to prove that in fact he never did receive such a note. That a receipt may be explained by parol is too well settled to admit of question. A strong case of the application of this principle is, where the receipt of the consideration money is acknowledged in a deed conveying lands. The grantor is permitted to contradict the deed, by proving that the money was not received. (14 Johns. R. 210 ; 20 Id. 338.)

We think it clear, that evidence was properly heard to explain the receipt, and show that the note was not executed as therein expressed ; and that the accord pleaded, not having been executed in fact, according to its terms and intention, cannot avail the defendant as satisfaction of the judgment sought to be enjoined.

The bringing money, to the amount of the note, into Court, cannot affect the question, for it was only then offered conditionally ; there was no proof of a previous tender of it, but the contrary ; and the accord, not having been executed at the time, was not binding on the plaintiff ; and no subsequent offer of an equivalent could make it so. We are of opinion that the Court did not err in dissolving the injunction and dismissing the petition ; and the judgment is affirmed.

Judgment affirmed.