CITY NATIONAL BANK OF GATESVILLE ET AL. V. W. M. COLGIN.

Decided June 21, 1899.

### 1. Trial of Right of Property—Release of Damages.

The effect of giving a statutory claim bond, as a release of damages, under Revised Statutes, article 5311, is to discharge from liability only the officer levying the writ; such proceeding does not prevent a recovery of damages for injuries to the goods while in the possession of the officer, by the owner of the property, in a suit against the party procuring the writ and levy.

### 2. Same.

The owner of goods transferred them to a trustee for the benefit of creditors; other creditors attached them, and the trustees gave claim bond and recovered possesion on the trial of the right of property. Held, that the original owner could recover from the attaching creditors damages for injury to the goods while in possession of the officer under attachment.

APPEAL from Coryell. Tried below before Hon. J. S. STRAUGHAN.

*McDowell & Saddler* and *H. N. Atkinson,* for appellants.

*White & Mings* and *John L. Dyer, Sr.,* for appellee.

FISHER, Chief Justice.—Appellee W. M. Colgin, the owner of a stock of goods and merchandise, transferred the same to W. B. Woodward by a chattel mortgage, for the benefit of his creditors. Woodward, who was named therein as trustee, took possession of the goods. The creditors accepted. While the goods were in possession of the trustee Woodward they were attached by the appellant the City National Bank of Gatesville in a suit by the bank against Colgin.

Woodward, under the statute regulating the trial of right of property, filed claimant's affidavit and bond for possession of the goods. They were delivered to him by the officer, who was the sheriff of Coryell County, levying the attachment writ; and in the controversy of the trial of right of property Woodward was successful in recovering possession of the goods.

In that action no damages were claimed against the officer or any of the parties levying the writ. The appellee Colgin was not a party to that controversy. Afterwards the appellee Colgin filed this suit against the appellants to recover damages occasioned for injuries to the goods while in the possession of the officer under the attachment process. There was a verdict and judgment in favor of Colgin against the appellants for $250.

The question to be decided is whether the action by the trustee Woodward and the judgment in his favor against the sheriff, to recover the possession of the goods under the statute regulating the trial of the right of property, operated as a release or satisfaction of the damages sustained by Colgin, the owner of the property, while the same was in possession of the sheriff.

Article 5311 of the Revised Statutes, relating to the trial of rights of property, provides that "A claim made to property under the provisions of this chapter shall operate as a release of all damages by the claimant against the officer who levied upon said property." It is contended by appellants, that by reason of the privity existing between the trustee Woodward and appellee, as the maker of the instrument upon which Woodward based his right to possession of the property, the action by the latter to recover possession inured to the benefit of appellee, and that he would be bound by that action, and the judgment rendered therein. And therefore the statute quoted would apply to him as well as to the claimant, and operate as a bar to an action for damages against the officer, and as the statute released the latter, and in law operated as a satisfaction of all damages to the goods when in possession of the officer, he being a joint trespasser or tort feasor with the appellants, they were likewise released. In other words the proposition is, that, although there has been no actual or real satisfaction of the damages sustained by the owner of the goods, from any of the joint trespassers, when the election was made to proceed against one, who in this instance was the officer, under the claimant's statute, the article that has been quoted, in law, operated as a satisfaction of damages, and that a complete satisfaction from one joint tort feasor released the others. The general rule is,

to which there are some exceptions, that there exists no right of contribution between joint trespassers or tort feasors; and that a release of one, without complete satisfaction, does not release the others. The plaintiff may proceed against one or more, and obtain successive judgments against all, but is only entitled to satisfaction once of his damages. Cool. on Torts, 2 ed., 159; Moore v. King, 4 Texas Civ. App., 397; McGhee v. Shafer, 15 Texas, 198; Lovejoy v. Murray, 3 Wall., 16.

If it can be held that the statute in question is not violative of fundamental principles of the Constitution, which protects the vested interest in property, which includes not only the thing itself, but the right to its enjoyment in its full value, from the illegal appropriation by another, we are of the opinion that, in its operation, it is not the design and purpose of the statute to release any of the joint tort feasors except the officer seizing the property. There is no real satisfaction of the damages actually sustained to the property, and it is not believed that it is the intention and purpose of the article quoted, in releasing one tort feasor, based upon an unsubstantial satisfaction arising solely from a legal fiction, that the real and active originators and promoters of the wrong should go unwhipped of justice and be released from liability for the damages which were sustained to the property of the plaintiff by reason of their wrongful conduct.

The general principle that has been stated, that only a complete satisfaction will operate as a discharge of the joint tort feasors, should be applied in this case; and the action to recover possession of the property from the officer ought not to be held as a satisfaction of the damages actually occasioned by those who caused the property to be seized.

An officer seizing property under process legal and regular upon its face, while liable to the injured party, is, as to those who instituted the wrong and caused the seizure, a technical or nominal trespasser, who may compel contribution or satisfaction from the active wrongdoers. Cool. on Torts, 2 ed., 169.

This right is further recognized by article 199 of the Revised Statutes, regulating the execution of attachment process, which in effect gives a cause of action in favor of the officer against those directing the seizure, for the damages the injured party may recover from him. The Legislature in passing the statute quoted, which is relied upon by appellants, evidently had in view this principle; and with the contemplation that the officer, as between him and the wrongdoers, was a nominal trespasser, it is not believed that it was the purpose of the statute, which eo nomine released him only, that it should operate as a release of the actual promoters of the wrong for the damages sustained by reason of the levy.

*Affirmed.*

Writ of error refused.