## S. A. ROBERTSON v. J. M. TRAMMELL.

Decided November 2, 1904.

**1.—Joint Wrongdoers—Accord and Satisfaction With One.**

One receiving personal injury by the concurring negligence of several persons may accept a payment from one and guarantee him against further liability upon the claim without releasing the other joint wrongdoers from liability.

**2.—Same—Fact Case.**

Plaintiff having received personal injuries through the alleged negligence of his employer, a contractor, and that of two railway companies, accepted from one of such companies the sum of $1,000, guaranteeing to protect it from further liability, but stipulating that the contract of settlement did not release the company making such payment or either of its codefendants from liability for the wrongs complained of; held that he was not precluded by such settlement from recovering judgment against another of the joint wrongdoers, the amount paid by its codefendants being allowed as a credit on plaintiff's claim against the one so held liable.

**3.—Joint Wrongdoers—Indemnity and Contribution.**

One of several active joint wrongdoers is not entitled to an action for indemnity or contribution against the other joint tort feasor.

**4.—Joint Wrongdoers—Charge.**

Instruction held to properly present the joint liability of defendants whose concurring negligence had caused injury to plaintiff.

**5.—Argument of Counsel.**

Improper argument of counsel held no ground for reversal where properly cured by the action of the trial court.

**6.—Concurring Negligence—Charge—Burden of Proof.**

Instruction in regard to the burden of proof resting on plaintiff in an action for injury by the concurring negligence of two or more defendants, held correct.

Error from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*Alexander & Thompson,* for appellant.—The trial court should have fixed responsibility for the accident solely upon defendant, Houston and Texas Central Railway Company, which was alone shown to be liable, and which company plaintiff obligated himself to fully protect against any liability. Texas Loan Agency v. Fleming, 92 Texas, 458; Choate v. Railway Co., 91 Texas, 410; Joske v. Irvine, 91 Texas, 574; Dimmitt v. Robbins, 74 Texas, 441; Missouri P. Ry. Co. v. Porter, 73 Texas, 307; Creager v. Douglass, 77 Texas, 484; International & G. N. Ry. Co. v. Arias, 10 Texas Civ. App., 194, 30 S. W. Rep., 447.

The liability of the alleged joint tort feasor, the Houston and Texas Central Railway Company, was for the full amount of the unliquidated damage sustained by plaintiff, and it was clearly established by plea and evidence that the payment of $1,000 made by that company and received by plaintiff in the way of compromise, was in full settlement of all liability by said company, and it thus operated as a bar to any further recovery, constituting a full accord and satisfaction, and an obligation on part of plaintiff to hold the Houston and Texas Central Railway Company harmless. McGehee v. Schafer, 15 Texas, 198; Overton v. Conner, 50 Texas, 113; Thompson v. Allbright, 4 Texas Civ. App., 44, 14 S. W. Rep., 1020; Abb v. Railway Co. (Wash. Sup. Ct.), 68 Pac. Rep., 954; Seither v. Traction Co., 125 Pa., 397, 17 Atl. Rep., 338; Tompkins v. Railway Co., 4 Pac. Rep., 1167; Goss v. Ellison, 136 Mass., 503; Snyder v. Witt (Tenn.), 42 S. W. Rep., 441; Gunther v. Lee, 45 Md., 60, 24 Am. Rep., 504; Donaldson v. Carmichael (Ga.), 29 S. E. Rep., 137; Schramm v. Railway Co., 54 N. Y. Sup., 945; Babcock v. Iron Works, 34 Fed. Rep., 338; West C. St. Ry. Co. v. Piper, 165 Ill., 325, 46 N. E. Rep., 186; Wardell v. McConnell, 25 Neb., 558, 41 N. W. Rep., 548; Arnett v. Railway Co., 64 Mo. App., 368; Eastman v. Grant, 34 Vt., 390; Rodgers v. Cox, 50 Atl. Rep., 143; Turner v. Hitchcock, 20 Iowa, 310; Hubbard v. Railway Co., 72 S. W. Rep., 1073; Dulaney v. Buffam, 73 S. W. Rep., 125; Cyclopedia Law & Proc., vol. 1, pp. 317-318, wherein the authorities from nearly every state in the Union on the proposition involved, are collated in a foot note.

If the evidence tended to establish any failure of duty on part of the master, Robertson, to Trammell, as servant, as for breach of contract, the evidence further showing that the Houston and Texas Central Railway Company negligently left the unprotected cars which occasioned the collision, Robertson would have been entitled to an action over against said company, but for the complete settlement by plaintiff with said company, and his obligation to hold said company harmless. Gray

v. Boston Gas Light Co., 114 Mass., 149; Bishop on Non-contract Law, sec. 535.

The court should have granted defendant's motion for new trial, because the evidence was insufficient to establish any legal liability on part of defendant, and the presumption must be indulged that the jury were unduly influenced by the argument of counsel complained of. Gulf, C. & S. F. Ry. Co. v. Hamilton, 17 Texas Civ. App., 85, 42 S. W. Rep., 358; Planter's Oil Co. v. Mansell, 43 S. W. Rep., 913; Texas Mex. Ry. Co. v. Douglass, 69 Texas, 697; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 543; Moss v. Sanger Bros., 75 Texas, 323. On insufficiency of evidence: Houston & T. C. Ry. Co. v. Harris, 64 S. W. Rep., 227.

It was shown by plea and evidence that plaintiff had, for value, fully released and obligated himself to fully protect the Houston and Texas Central Railway Company from any costs or trouble in premises, and it further appearing that if the evidence tended to show any failure of duty on part of the master, Robertson, to plaintiff, as servant, it was merely in a failure to discover the culpable negligence of said railroad company in leaving stationary cars on track at night without any protection, thereby causing the collision, for which said Robertson would have been entitled to his action over against said tort feasor except for plaintiff's obligation to protect it; and the charge was error on this account. Gulf, C. & S. F. Ry. Co. v. Hathaway, 75 Texas, 558; Gray v. Gas Co., 114 Mass., 149; Chicago v. Robbins, 2 Black, 418; Bishop on Non-Cont. Law, sec. 535; Armstrong Co. v. Clarion Co., 66 Pa. St., 218; Portland v. Richardson, 54 Me., 46; Chesapeake Canal Co. v. Alleghany Co., 57 Me., 21; Brooklyn v. Railway Co., 47 N. Y. 487; 7 Am. & Eng. Ency. of Law, 365, and authorities there cited.

*Carden, Senter & Carden,* for appellee.—The liability of the Houston & Texas Central Railroad Company, the joint tort feasor of plaintiff in error, Robertson, if, indeed, Houston & Texas Central Railroad Company was liable, was merely the liability of a joint tort feasor, and with it plaintiff covenanted not to sue and for this covenant received from it the sum of one thousand dollars, and plaintiff executed to it its bond of indemnity to hold it harmless against suit, and expressly stipulated in his agreement not to sue, that he did not release said Houston & Texas Central Railroad Company, or its co-defendant, Robertson, from liability because of the matters and things complained of in his petition, and therefore plaintiff's agreements with the Houston & Texas Central Railroad Company in no way affect the liability of defendant, Robertson. See note in 58 Lawyers' Reports Annotated, page 293, under the case of Abb v. Northern Pacific Railway Company. In this note practically all the authorities on the subject are collated and discussed.

The presumption will not be indulged that the jury were unduly influenced by argument, where the court instructs the jury not to consider the argument and admonishes counsel to confine himself to the record. International & G. N. Ry. Co. v. Reeves, 79 S. W. Rep., 1099; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 632, 19 S. W. Rep., 152; Taylor B. & H. Ry. Co. v. Warner, 31 S. W. Rep., 66; Gulf, C. & S. F. Ry. Co.

v. McMahan, 6 Texas Civ. App., 605, 26. S. W. Rep., 159; Texas & P. Ry. Co. v. Kingston, 68 S. W. Rep., 519; International & G. N. Ry. Co. v. Anchonda, 75 S. W. Rep., 557; Western U. T. Co. v. Perry, 70 S. W. Rep., 439; Ferguson-McKinney Dry Goods Co. v. C. Nat. Bank of Colorado, 71 S. W. Rep., 604; Britt v. Burghart, 41 S. W. Rep., 389; Sherman, S. & S. Ry. Co. v. Bell, 58 S. W. Rep.,. 147; Gulf, C. & S. F. Ry. Co. v. Bell, 24 Texas Civ. App., 598, 58 S. W. Rep., 614.

The agreement of plaintiff in error not to sue Houston & Texas Central Railroad Company and to hold it harmless in case of suit, would not preclude plaintiff in error from asserting any right of action he might have against Houston & Texas Central Railroad Company because: (1) even if plaintiff in error had any right of action (which he had not), defendant in error would have as much right to insure Houston & Texas Central Railroad Company against liability as had Maryland Casualty Company to insure plaintiff in error against liability, and in neither case would any right of action of plaintiff in error, Robertson, be diminished; and (2) because the agreement of defendant in error to hold Houston & Texas Central Railroad Company harmless and to indemnify it, was a joint obligation by four different parties, one of whom only was defendant in error, and if Robertson had a right of action against Houston & Texas Central Railroad Company and enforced that right by suit, Houston and Texas Central Railroad Company's right of action would be against the four parties who executed the bond of indemnity; and as appellee was only one of the four, he could require of the other three a contribution of three-fourths of any recovery by Houston & Texas Central Railroad Company against him; and (3) plaintiff in error and Houston & Texas Central Railroad Company being tort feasors, plaintiff in error had right of recovery against Houston & Texas Railroad Company.

EIDSON, ASSOCIATE JUSTICE.—This is an action by J.. M. Trammell, defendant in error, originally brought against the Houston & Texas Central Railway Company, the. St. Louis Southwestern Railway Company, and plaintiff in error, S. A. Robertson, claiming damages for personal injury alleged to have been sustained by him while in the employment of said Robertson.

It was alleged that on November 9, 1902, while acting as fireman on a locomotive in control of the said Robertson, a railroad contractor and builder, but owned by the St. Louis Southwestern Railway Company, and while riding on said engine in the capacity of fireman, in the city of Dallas, on track owned, used or controlled by the said St. Louis Southwestern Railway Company or S. A. Robertson, by reason of the negligence of the Houston & Texas Central Railway Company in leaving unguarded or without light or any protection some stationary cars on said track, and by reason of negligence on the part of said Robertson and his employes in operating said engine and cars attached to it at a high rate of speed and without keeping a safe lookout to avoid such obstructions on the track, a collision occurred between said engine and said cars, immediately prior to which defendant in error, having first discovered the impending collision, jumped from said engine and sustained his injuries.

After numerous depositions had been taken in the suit, defendant in error, by written articles of agreement entered into with the Houston & Texas Central Railway Company, arranged for the full and complete settlement with said railway company, covering its full liability on account of said injuries, receiving within a few days thereafter $1,000 as a consideration for such settlement, and also executed a receipt for said amount and a bond to indemnify said railway company against further liability.

After such settlement, defendant in error filed his second amended original petition, in which he omitted the Houston & Texas Central Railway Company as a defendant, but repeated his averments of negligence against the St. Louis Southwestern Railway Company of Texas and S. A. Robertson, and also charged them with failure to furnish plaintiff a safe place to work.

The St. Louis Southwestern Railway Company of Texas and S. A. Robertson filed separate answers embracing substantially the same defenses, which were as follows: (1) General denial; (2) failure to use ordinary care by keeping a reasonable lookout, which conduced proximately to his injury; (3) that subsequent to the institution of this suit, plaintiff settled with the Houston & Texas Central Railway Company, one of the alleged tort feasors, and was paid and received $1,000, which was accepted as a "complete indemnity of said Houston & Texas Central Railway Company against the maintenance of any action against it or any person whomsoever, on account of the things alleged in plaintiff's petition filed in this cause," being the first amended original petition filed December 2, 1902, reference to which was expressly made in the pleading, whereby it was charged that plaintiff was settled with in full and contracted to hold the Houston & Texas Central Railway Company harmless, and by reason of the complete accord and satisfaction as to said tort feasor, plaintiff was estopped and barred from the prosecution of this suit.

The trial resulted in a verdict and judgment in favor of the St. Louis Southwestern Railway Company of Texas, and in favor of the plaintiff (defendant in error) against S. A. Robertson, plaintiff in error, for $1,000.

Plaintiff in error's first assignment of error is: "The court erred in refusing defendant's special charge number 1, directing a verdict for defendant, on account of the manifest insufficiency of the evidence as to any negligence of this defendant, and because under the evidence of accord and satisfaction, this defendant was entitled to a peremptory instruction in his favor."

His first proposition under the above assignment is: "The evidence as to any want of care on part of defendant Robertson (unknown to plaintiff) was manifestly insufficient to sustain a verdict for plaintiff; and under such circumstances the trial court should have fixed responsibility for the accident solely upon defendant Houston & Texas Central Railway Company, which was alone shown to be liable, and which company plaintiff obligated himself to fully protect against any liability."

The contention of plaintiff in error embraced in the above proposition we do not think is borne out by the record. The evidence tends to

show that it was usual for cars to be found on the track where the cars were which were run into by the engine upon which defendant in error was employed, and it was the duty of plaintiff in error to keep a proper lookout for such cars, which the evidence tends to show he failed to do.

The evidence also tends to show that plaintiff in error was negligent in operating the train at the time of the accident at such a high rate of speed that it was impossible to stop it in time to avoid a collision with cars that might be found on the track, where it was usual for them to be found.

The evidence further tends to show negligence upon the part of plaintiff in error in failing to connect the engine and cars with air brakes, so as to enable his employes to control the train. It reasonably appears from the testimony that the engine plaintiff in error was operating at the time of the accident was a light one, and that in the exercise of ordinary care in providing a safe place for the defendant in error to work, he should have connected same with the cars by air brakes, which the evidence shows was not done. We are of opinion that there is sufficient evidence in the record to support the allegations of negligence in defendant in error's petition against plaintiff in error; and hence there was no error in the refusal of the court to direct a verdict for plaintiff in error upon the ground that the testimony was insufficient to show any negligence on his part.

The other ground embraced in said assignment, upon which plaintiff in error claims that the court below should have directed a verdict in his favor is, that the evidence showed an accord and satisfaction of defendant in error's cause of action or claim for damages. Under this alleged error plaintiff in error submits the proposition: "The liability of the alleged joint tort feasor, the Houston & Texas Central Railway Company, was for the full amount of the unliquidated damage sustained by plaintiff; and it was clearly established by plea and evidence that the payment of $1,000 made by that company and received by plaintiff in the way of compromise, was in full settlement of all liability by said company, and it thus operated as a bar to any further recovery, constituting a full accord and satisfaction, and an obligation on the part of plaintiff to hold the Houston & Texas Central Railway Company harmless." It appears from the record that plaintiff in error introduced the following testimony upon this issue:

"H. & T. C. R. R. Co., Dallas, Texas, April 23, 1903.—No. 2192. At sight pay to the order of J. M. Trammell and Carden, Senter & Carden ($1,000) one thousand dollars, for full and final settlement according to contract and bond for injuries received in Dallas, November 9, 1902, and charge to proper account. Geo. T. Holman, Claim Agent. T. W. H. Field, Treas., H. & T. C. R. R. Co., Houston, Texas."

The following indorsements appear on the back: "J. M. Trammell, Carden, Senter & Carden.

"Pay to the order of any bank or banker. The National Bank of Commerce, of Dallas, Texas; J. D. Estes, Cashier.

"Left by P. & M. Natl. Bank.

"Paid, April 25, 1903. Planters & Mechanics National Bank, Houston, Texas."

"J. M. Trammell v. St. Louis Southwestern Railway Company of Texas et al. No. 21934. In the District Court for the Fourteenth Judicial District of Texas, Dallas County.

"It is agreed by and between the plaintiff in the above entitled and numbered cause, and Houston & Texas Central Railway Company, defendant therein, acting by and through their attorney of record:

"1. That plaintiff will dismiss this action as to said defendant, and hereby agrees and covenants never to make the matters and things set out and the circumstances described in plaintiff's petition herein, the basis of a suit against said defendant in any court, and never to bring or to maintain an action because thereof against said defendant.

"2. That in consideration of the foregoing, said Houston & Texas Central Railroad Company will, on or before the 27th day of April, 1903, pay to the plaintiff and Carden, Senter & Carden, the sum of one thousand dollars.

"3. That in the event, in the further prosecution of this suit by the plaintiff against the said Houston & Texas Central Railroad Company's codefendant herein, any liability should be charged against said Houston & Texas Central Railroad Company by any person whatsoever, on account of the matters and things set out in plaintiff's petition herein, or as a result thereof, this agreement may be pleaded and shall operate as a contract between the parties hereto that said Houston & Texas Central Railroad Company shall not be successfully sued, either by the plaintiff or by any other person, either by original suit or by cross-bill or cross-action, by either the plaintiffs or either or both of said defendants, codefendants herein, because of the injuries sustained by plaintiff as alleged in his petition herein, and as a complete indemnity of the said Houston & Texas Central Railroad Company against the successful maintenance of any action against it by any person whomsoever on account of the matters and things alleged in plaintiff's petition herein; it being understood and agreed that the plaintiff herein does not by this instrument release said Houston & Texas Central Railroad Company or either of its codefendants herein, from liability because of the matters and things set out in his petition herein, but that in consideration of the payment to him of the sum stipulated in paragraph 2 hereof, he covenants and agrees to hold harmless said Houston & Texas Central Railroad Company from any legal responsibility because thereof and as a result of his own injuries described in his petition herein, by whomsoever such responsibility may be charged, and to this effect he will give an indemnity bond, which is here referred to for its full terms.

"4. Said Houston & Texas Central Railroad Company further agrees to pay all costs that have accrued herein up to this date, in the event that final judgment for same shall not be rendered herein against its codefendants or either of them.

"This 23d day of April, A. D. 1903.

(Signed)　　"H. & T. C. Ry. Co., by W. J. J. Smith,
　　　　　　　"J. M. Trammell,
　　　　　　　"Carden, Senter & Carden.

"Witness: W. J. J. Smith."

"J. M. Trammell v. St. Louis Southwestern Railway Company of Texas, S. A. Robertson and Houston & Texas Central Railroad Company. No. 21934. Suit pending in the District Court of Dallas County, Fourteenth Judicial District of Texas.

"Know all men by these presents that: whereas, under the terms of the contract this day made and entered into between J. M. Trammell, plaintiff in the above entitled cause, and Carden, Senter & Carden, his attorneys of record, of the one part, and the Houston & Texas Central Railroad Company, one of the defendants in said cause, of the other part, that J. M. Trammell is to dismiss his suit as against the said Houston & Texas Central Railroad Company, and among other things, as provided in said contract, is to give to the said Houston & Texas Central Railway Company a bond signed by himself, and the individual members of the firm of Carden, Senter & Carden, fully and in all respects indemnifying the said Houston & Texas Central Railroad Company against all claims and demands of every kind and character, referred to in said suit, or growing out of the said accident upon which said suit is founded.

"Now, therefore, in consideration of the said contract, and of the payment of the sum of $1,000 referred to in said contract by the Houston & Texas Central Railroad Company, to the said J. M. Trammell, we, the said J. M. Trammell, George A. Carden, E. G. Senter and Frank D. Carden, do hereby bind ourselves jointly and severally, and our heirs, executors and administrators, to save and keep harmless and fully indemnify the said Houston & Texas Central Railroad Company, against all and every claim, demand and cause of action growing out of the accident referred to in said suit, that has been in said suit asserted or that might or could be in said suit asserted, by virtue of the said accident, and the facts connected therewith by the plaintiff, J. M. Trammell, or any other person, firm or corporation, whether the same has been or may hereafter be asserted by either the plaintiff or any other person, or by the St. Louis Southwestern Railway Company of Texas, S. A. Robertson, Maryland Casualty Company, the Dallas Terminal Railway and Union Depot Company, or any other person, firm or corporation, either by intervention or cross-bill in said suit, or by any original suit or proceeding whatever, by either of the said persons or corporations, jointly or severally, or by any other person, firm or corporation, jointly or severally, and agree that we, the said obligors, jointly and severally will pay off and discharge any judgment that may be obtained by either one or more of the said persons or corporations against the said Houston & Texas Central Railroad Company, on account of the said accident to plaintiff, and the transaction and facts out of which the accident grows and upon which suit is founded, whether such judgment may be obtained in said suit or in any other suit or proceeding; it being our intention, jointly and severally, to fully and completely and in every respect indemnify the said Houston & Texas Central Railroad Company absolutely and in all events against any future judgment or claim of any person or persons, corporation or corporations whatsoever. We further consent and agree and bind ourselves jointly and severally to plead said contract and this indemnity bond in an amended petition upon which said cause shall be

tried, and that should any judgment in said cause or any other cause be rendered against the Houston & Texas Central Railroad Company, either in favor of the plaintiff or any other person, firm or corporation, that the said Houston & Texas Central Railroad Company may in such suit or cause have and recover over and against us and each of us jointly and severally a like judgment, to the end that it may be fully and completely and in every respect indemnified.

"This 23d of April, A. D. 1903.

(Signed)      "J. M. TRAMMELL,

"CARDEN, SENTER & CARDEN, by E. G. Senter,

"E. G. SENTER,

"D. FRANK CARDEN,   ·

"GEO. A. CARDEN, by D. Frank Carden."

We construe these instruments in connection with the act of defendant in error in dismissing the suit as to the Houston & Texas Central Railway Company, as constituting a release of that company from further liability to the defendant in error on account of its participancy in the acts of negligence alleged in his petition; but that these instruments do not show that defendant in error released his cause of action or claim for damages growing out of such alleged negligence, nor do they show that he accepted the $1,000 paid by the Houston & Texas Central Railway Company in satisfaction of his cause of action or claim for damages.

The question then to be determined is whether such a release of one joint tort feasor operated as a release of the plaintiff in error, another joint tort feasor. In our opinion it does not. It is shown by the written instruments above quoted that defendant in error accepted the $1,000 from the Houston & Texas Central Railway Company only as part satisfaction of his cause of action and claim for damages, and that in consideration thereof he released the Houston & Texas Central Railway Company only. If the $1,000 had been accepted by defendant in error in satisfaction of his cause of action or claim for damages, then it would have operated as a release also of the plaintiff in error. It is a universal rule of law that joint tort feasors are jointly and severally liable to the injured party, and he may sue any one or all, at his election, but when he once receives satisfaction from any one or more of the joint tort feasors, he is precluded from proceeding against the others or any of them. The essential principle involved is the right of the injured party to satisfaction for the injuries sustained. If there is a satisfaction of the cause of action or claim for damages, although the release is given to one or any number less than all of the joint tort feasors, it constitutes a release of all; but a part satisfaction can not, in morals or law, constitute full satisfaction. A part is not equivalent to the whole. This question, so far as we have been able to ascertain, is one of first impression in the higher courts of this state.

The case of McGehee v. Schaffer, 15 Texas, 198, cited by plaintiff in error, simply holds that a party can have but one satisfaction against joint trespassers, though he may bring several actions and recover several judgments against them, and that in order to amount to a satisfaction, an accord must be executed.

The only matter decided in the case of Overton v. Conner, 50 Texas, 113, also cited by plaintiff in error, is that an accord and satisfaction, in order to be operative, must be finally and fully consummated by the parties in accordance with the terms and stipulations thereof.

The case of Thompson v. Albright, 14 S. W. Rep., 1020, cited by plaintiff in error, was decided by the Court of Appeals, and holds that several judgments can not be rendered upon a complaint for a joint trespass and conversion of personalty, and that where the jury found against two of the joint trespassers and made no finding as to the third, a judgment could not be rendered in his favor. Hence it will be observed none of these cases is in point upon the question here involved.

In the case of City Nat. Bank of Gatesville v. Colgin, 51 S. W. Rep., 856, in which the facts are not similar to those in this case, but in which the question of full satisfaction for damages on account of injuries caused by joint trespassers was involved, Chief Justice Fisher, delivering the opinion of the court, uses this language: "The general rule is (to which there are some exceptions) that there exists no right of contribution between joint trespassers or tort feasors, and that a release of one, without a complete satisfaction, does not release the others. The plaintiff may proceed against one or more and obtain successive judgments against all, but is only entitled to satisfaction once of his damages."

The principal case cited by plaintiff in error as holding directly that a release of one joint tort feasor, independent of the question of full satisfaction, releases the others, is Abb v. Northern Pac. Ry. Co., 68 Pac. Rep. 954; 58 Law. Rep. Ann., 293, decided by the Supreme Court of Washington. That was an action to recover for personal injuries received by the respondent in a collision in the city of Seattle between a passenger train of appellant and a street car of the Grant Street Electric Railway Company, at a crossing of the two railways. Respondent was a passenger upon a street car, and alleged that his injuries were occasioned by the joint carelessness of the persons operating the street car and those operating the railway train. The action was brought against the appellant only. The trial resulted in a judgment in favor of respondent against appellant for $1000. The answer of the appellant affirmatively alleged that after the collision aforesaid occurred, for and in consideration of the sum of $300 then paid to him by the said Grant Street Electric Railway Company, and a pass delivered to him over its street railway for the period of one year, the respondent did then and there agree with the said street railway company to release, and did fully and finally and forever release and discharge the said street railway company and the appellant from any and all damage and claim of damage done to his person and property, and from any and all claims whatsoever growing out of said collision, which said agreement was in words and figures as follows, to wit:

"For and in consideration of the sum of $300 in hand paid, and a pass over the Grant Street Electric Railway for the period of one year, I, the undersigned, do hereby release and discharge the Grant Street Electric Railway Company from any and all damages done to me in my person or property in the late collision between a car of the Grant Street

Electric Railway Company and a train of the Northern Pacific Railway Company. This agreement is not to be taken or considered as a release of any damages which the undersigned may have against the Northern Pacific Railway Company."

It was further alleged in said answer that by reason of said agreement the appellant was fully released and discharged from all liability in the premises, and that respondent was estopped from maintaining the action. The respondent replied, admitting the receipt of $300 and a pass for one year from the street railway company, and that he executed the release set out in the answer and delivered the same to said street railway company. He further alleged that said payment and said pass were given to respondent in partial satisfaction only of his damages suffered in said collision, as was understood by said street railway and respondent at the time, and that it was not the intention on the part of either said respondent or said street railway company to in any manner release or discharge respondent's cause of action or to surrender any claim for damages that he might have against appellant. The court at some length reviews a number of decisions upon the question, and concludes as follows: "It will thus be seen that there is some conflict in authority, but we believe it is manifest from the foregoing that the decided weight of authority in this country is to the effect that such release as is shown in this case operates to discharge all who participated in the joint tort. It is true, it has been held, and doubtless correctly, that a mere agreement not to sue one is not a release of the others, but when an injured party makes an estimate of the amount of damages he is willing to receive from one, and accepts such sum with the agreement that it shall fully release and discharge the one making the payment, we think it is more than a mere agreement not to sue. It is a release of his cause of action in consideration of a satisfaction, and there is scarcely any dispute among the authorities that where there is an absolute release of one, it operates to release all tort feasors who participate in the act."

We do not concur in the conclusion arrived at in that decision. While it is true there is, to some extent, a conflict in the decisions upon this question, some holding directly as is held in this case, that a release of one joint tort feasor, independent of the question of full satisfaction, releases all, in our opinion the weight of authority and the sounder reason favor the doctrine that the instrument relied upon to operate as a release of the joint tort feasors not included within its terms must show a release of the cause of action or a full satisfaction of the claim for damages. Mr. Cooley, in his valuable work on Torts, second edition, page 159, after discussing the case of Brown v. Wooten, Cro. Jac., 73, Yelv., 67, which holds a release of one joint tort feasor a release of all, uses this language:

"This case has been followed in England, but except in Virginia and Rhode Island it has not met with favor in this country. It was expressly disapproved by the Supreme Court of New York when presided over by Chief Justice Kent, and was pronounced by him to be a departure from the earlier English decisions. The rule laid down by that eminent jurist, and which has since been generally followed in this

country, is, that the party injured may bring separate suits against the wrongdoers and proceed to judgment in each, and that no bar arises as to any of them until satisfaction is received."

In the case of Lovejoy v. Murray, 3 Wall., 1, 18 Law Ed., 129, the Supreme Court of the United States holds that a judgment against a joint trespasser is not a bar to an action against another joint trespasser, unless the judgment is satisfied; that nothing short of "satisfaction or its equivalent" will amount to a good plea in bar. After reviewing a great number of decisions upon the question as to whether a part satisfaction by one joint tort feasor would release the others, Justice Miller, delivering the opinion of the court, says:

"If we turn from this examination of adjudged cases which largely preponderate in favor of the doctrine that a judgment without satisfaction is no bar, to look at the question in the light of reason, that doctrine commends itself to us still more strongly. The whole theory of the opposite view is based upon technical, artificial and unsatisfactory reasoning."

And again: "But in all such cases, what has the defendant in such second suit done to discharge himself from the obligation which the law imposes upon him to make compensation? His liability must remain in morals and on principle until he does this. The judgment against his cotrespasser does not affect him, so as to release him on any equitable consideration. It may be said that neither does the satisfaction by his cotrespasser, or a release to his cotrespasser, do this; and that is true. But when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages. But it is not easy to see how he is so affected until he has received full satisfaction, or that which the law must consider as such. We are therefore of opinion that nothing short of satisfaction or its equivalent can make good a plea of former judgment in trespass offered as a bar in an action against another joint trespasser, who was not a party to the first judgment."

Some of the decisions seem to make a difference between a trespass upon property and one upon the person, holding that in the former class of cases, the amount of damages being the subject of proof and computation, a release of one joint tort feasor does not necessarily release the other; but in the latter class of cases, the amount of damages not being the subject of proof and computation, but resting mostly in the discretion of the court and jury, any sum received by the injured party from one of the wrongdoers should be considered full compensation for the injury sustained. We are unable to perceive the soundness of this doctrine. The object and purpose of a suit in either class of cases is to recover satisfaction for the injury sustained, and not simply to render certain the amount of the damages.

We heartily concur in the following language used by the court in Lovejoy v. Murray, supra, in discussing a case holding the doctrine referred to: "If the only object, or indeed the principal object, in obtaining a judgment in trespass was to render certain the extent of plaintiff's injuries, or the amount of damages which would compensate

for those injuries, we might be able to comprehend the force of this logic. But as it is the purpose of the law, and the main purpose for which courts of justice are instituted, to procure satisfaction for these injuries, we do not see the sequence in the reasoning of the learned judge."

We regard the case of Louisville & E. Mail Co. v. Barnes, Admr., 79 S. W. Rep., 261, decided by the Court of Appeals of Kentucky, cited by defendant in error, as being directly in point upon the question here involved, and as being a correct enunciation of the principle that should control in reference to the character of releases now under consideration. The facts in that case, concisely stated, are as follows:

On the night of the 12th of July, 1901, Clara R. Barnes lost her life by drowning in the Ohio River at Owensboro, Ky. The young lady, together with other persons, embarked early in the night on an excursion boat of the Marsden Company, called the Fawn, with two barges attached, for a pleasure trip up the Ohio River to Rockport, Ind., and return. On the return, the proof showed that the barges were properly and securely fastened to the wharfboat with a rope attaching the Fawn to the bank or shore, to keep her from swinging out into the stream. In this situation there was no space between the barges and the wharfboat. The passengers left the barges by stepping down fifteen or sixteen inches onto the front of the wharfboat. After a number of the passengers had disembarked, the deceased, Clara Barnes, in attempting to make this step from the barge to the wharfboat, fell between them and was drowned. The proof showed that this separation was caused by one of the boats of appellant coming into the wharfboat "head on," striking the wharfboat at the upper end, thereby forcing the separation at the place and time she made her step; that this was an improper and negligent landing of appellant's boat.

The suit was against both companies, the Louisville & Evansville Mail Company and the Marsden Company, the appellee charging joint and concurrent negligence, but just before the trial dismissed without prejudice his petition as against the Marsden Company, and proceeded with the trial against the appellant. The court in the opinion say:

"The most serious question involved in this case grows out of an issue made by amended answer, which was filed during the trial in the lower court, in which it was in substance alleged that the appellee had, in consideration of $1000 paid to him by the Marsden Company, dismissed his action against the Marsden Company, this appellant's joint tort feasor, and had accepted the $1000 in satisfaction of his cause of action, that he had no further right to prosecute his action against this appellant. This was traversed by the appellee, and the proof introduced upon this question showed the following state of facts: The president of the Marsden Company, prior to the convening of the court when the trial was had, desired to avoid further litigation of the matter, and authorized the attorneys for the Marsden Company to endeavor to bring about a settlement and compromise of the litigation in so far as it was concerned, and authorized them to pay as much as $1000, if it took that much to effect a compromise, and placed this money in the

bank subject to the order of its attorneys. These attorneys approached the attorneys for appellee and made a proposition for a compromise and eventually offered the $1000. The attorneys for the appellee refused, stating that while they believed that the Marsden Company was possibly not liable for any negligence, at least they believed its negligence was not as great as that of appellant company, yet they were afraid, if they accepted this compromise settlement, appellee's right to prosecute the action against the appellant, their joint tort feasor, would be barred. Thus matters stood until six or seven days after verdict and judgment against appellant, when the attorneys for the Marsden Company paid the attorneys for the appellee this money, and they immediately entered a credit upon the judgment against the appellant for this amount of $1000. We are convinced from all the proof in the case that there was an understanding between the attorneys for the Marsden Company and the appellee's attorneys prior to the trial that this amount was to be offered and accepted, and the Marsden Company was to be released and the case dismissed as against it, and that the dismissal was in conformity with this understanding.

"The question to be determined is whether this operated as a release of the appellant, it being a joint tort feasor. Our opinion is that if the appellee had accepted this $1000 in satisfaction of his cause of action or claim for damages, then it would have operated as a release and a bar to any other proceeding against appellant on account thereof. But it is shown by the proof, without contradiction, that it was accepted as only part satisfaction and a release of the Marsden Company, but not in satisfaction of his cause of action and claim for damages."

The court then reviews and discusses a number of decisions holding the contrary view, and then uses the following language: "The sole reason given in these opinions for the rule as stated is, that it is to prevent the injured party from receiving more than one compensation or satisfaction for his injury. We are unable to understand why a part satisfaction and release of one tort feasor can be considered as a complete satisfaction of his claim for damages, and operate as a bar in his cause of action against the other tort feasors. There can be no good reason for this. The collection of part satisfaction from one tort feasor is a benefit to the others. Under the law, there is no right of contribution existing between tort feasors. The law does not look with favor upon wrongdoers, and they are unlike obligors in an ordinary contract, where the right of contribution is given. The law ought not to be that the release of one tort feasor by his making a partial satisfaction for the wrong done, should operate as a release of the other wrongdoers. The law looks with favor upon compromises and settlements. It is not the intention of the law to force people into litigation and prevent settlements out of court. To uphold the rule contended for by appellant, such a result would follow. If ten persons commit a joint tort and injure a person to the extent of $1000, and if nine of them recognize that fact, and were willing to pay $100 each for the purpose of remunerating the injured party, and to avoid the expense and annoyance of litigation, and the tenth man refuses to pay his $100, according to appellant the injured party could not accept the $900 in part satisfaction

and sue the stubborn tenth man. He would plead the settlement as a satisfaction and a bar. Such a construction of the law would be unreasonable and unjust. All that such a person should be allowed to take advantage of would be to require that in any judgment that should be rendered against him, it should be rendered for one satisfaction of the claim for damages less any sums that might have been paid by his joint tort feasors as a partial satisfaction."

Further, our courts hold that where a release is given to one of several joint and several obligors and reservation of rights against other obligors is made, such other obligors are not released entirely, but are responsible for their proportionate share of the obligation. Bates v. Wills Point Bank, 32 S. W. Rep., 339. We know of no good reason why a distinction should be made in favor of joint trespassers. In discussing the question, the Supreme Court of the United States in Lovejoy v. Murray, supra, say: "This is now generally admitted to be the true rule on this subject in cases of persons jointly and severally liable on contracts, and no reason is perceived why joint trespassers should be placed in a better condition."

The release by defendant in error of the Houston & Texas Central Railway Company did not operate to release the plaintiff in error, but he was entitled to have the amount received from that company deducted from the entire amount defendant in error was entitled to by reason of the injuries received by him through the concurrent negligence of plaintiff in error and the Houston & Texas Central Railway Company; and this he was given by the charge of the court below, and as plaintiff in error would be liable for full compensation for such injuries, if sued alone, and would not be entitled to contribution against his joint tort feasor, he derived a benefit by such credit.

The plaintiff in error under his first assignment of error submits the following subsidiary proposition: "If the evidence tended to establish any failure of duty on the part of the master, Robertson, to Trammell as servant as for breach of contract, the evidence further showing that the Houston & Texas Central Railway Company negligently left the unprotected cars which occasioned the collision, Robertson would have been entitled to an action over against said company, but for the complete settlement by plaintiff with said company, and his obligation to hold said company harmless."

This proposition is not embraced in or authorized by the assignment of error under which it is submitted, and therefore, is not entitled to be considered by this court. But we are of opinion the principle of law embodied therein is not applicable in this character of case. There being evidence tending to show plaintiff in error to be an active wrongdoer, he would not be entitled to contribution as against the other joint tort feasor. City Nat. Bank v. Colgin, 51 S. W. Rep., 856; Kempner v. Wallis, 2 App. Civ. Cas. (Willson), 525; Texas & P. Ry. Co. v. Dougherty, 4 id., 233; Galveston, H. & S. A. Ry. Co. v. Nass, 57 S. W. Rep., 910. However, if although in law both parties be liable as wrongdoers to the injured party, one of them took no part in the wrongful act, and had no notice of it in time to guard against it, he would be entitled to contribution and indemnity as against the active

wrongdoer.   San Antonio Gas Co. v. Singleton, 59 S. W. Rep., 920; Cooley on Torts, pp. 166-168.

Plaintiff in error by his third assignment of error complains of the action of the court in giving in his general charge the following instruction:

"If you find that the plaintiff was injured on account of the failure of the agents and employes of the Houston & Texas Central Railway Company to use ordinary care, if you find they did fail to use ordinary care, by leaving the string of cars upon the track, and that such failure on the part of said company, if any, was also the proximate cause of the injury to plaintiff, then you will find for defendant S. A. Robertson; but if you find from the evidence that the plaintiff, while in the exercise of ordinary care for his own safety, was injured by the failure of both the agents of the Houston & Texas Central Railroad Company and those of the defendant Robertson to exercise ordinary care, if they did so fail; that is to say, if you find that plaintiff was injured by the concurring negligence of defendant Robertson's servants and those of the Houston & Texas Central Railroad Company, if any, without fault on his part, you will find for the plaintiff subject to the following instructions."

There was no error in giving this charge, as the pleadings and evidence fully authorized it.

In his fourth assignment of error plaintiff in error complains of the argument of counsel for defendant in error before the jury, in which he stated that the defendant Robertson was not present or interested in the result of this case, and that the Maryland Casualty Company was alone interested and represented by counsel.   If this argument constituted error at all, it was cured by the instruction of the court below to the jury not to consider the same and the admonition to counsel by the court to keep within the record.

The fifth and sixth assignments of error relate to the question of the sufficiency of the evidence to sustain the verdict of the jury.   As in effect already stated, we are of opinion the evidence is amply sufficient to sustain the verdict and judgment.

The seventh assignment of error complains of the following instruction given by the court to the jury:   "The burden of proof is on the plaintiff to show by a preponderance of the evidence that he was injured by the negligence in whole or in part of defendant Robertson; that is to say, by either the negligence of said defendant, or by his negligence concurring with negligence on the part of the Houston & Texas Central Railway Company."   This was a proper charge in view of the pleadings and evidence in this case, and hence we overrule this assignment.

There being no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused by the Supreme Court, written opinion, Robertson v. Trammell, 98 Texas, 364.