### COX v. RIO GRANDE VALLEY TELEPHONE CO.   (No. 8122.)

Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1929.

Rehearing Denied Feb. 20, 1929.

K. C. Barkley, L. H. Kenner, and W. K. Richardson, all of Houston, for plaintiff in error.

King, Wood & Morrow, of Houston, C. C. English, of Dallas, and Wm. E. Loose, of Houston, for defendant in error.

SMITH, J. In the course of his employment as a brakeman on the line of the St. Louis, Brownsville & Mexico Railway, plaintiff in error, Cox, was swept from atop a moving box car by an overhanging telephone wire, which was suspended over and across the railway company's right of way. As a result of the accident, which occurred near Mercedes, in Hidalgo county, plaintiff in error was seriously injured, and brought suit for damages in one of the district courts of Harris county against said railway company and the Rio Grande Valley Telephone Company.

Subsequently plaintiff in error compromised and settled his claim against the railway company, which paid him $4,750 in such settlement, and in written agreements released that company from any and all claims he had, or might have, against it in the matter, obligated himself to not only hold it harmless against any further responsibility either to himself in a direct action or to other tort-feasors by cross-action who might be found liable for his injuries, but to reimburse the railway company, for its payment to him, out of any recovery he might thereafter have against the telephone company, the Valley Ice & Electric Company, or any other tort-feasor.

■ It was stipulated in these agreements that plaintiff in error would dismiss his Harris county suit as against the railway company, and would thereafter institute and prosecute a suit in Hidalgo county against the telephone company and any other party which might be deemed liable to him for his injuries, and that, out of any recovery he might obtain in such suit, he would reimburse the railway company for the amount it had paid him by virtue of these agreements and release. It was further and specifically stipulated in these agreements that plaintiff in error did not thereby surrender, but expressly reserved, his right to pursue any other tort-feasors, and to enforce his cause of action against them, notwithstanding his release of the railway company. We might as well say now, as later, that by this reservation plaintiff in error avoided the rule exemplified in Hunt v. Ziegler (Tex. Civ. App.) 271 S. W. 936; Id. (Tex. Com. App.) 280 S. W. 546, that an unqualified release of one tort-feasor releases all, and brought his case within the rule that a release, qualified as in this case, amounts to but a covenant not to sue the party released, thereby leaving the injured party the right to pursue other tort-feasors. Robertson v. Trammell, 37 Tex. Civ. App. 53, 83 S. W. 258; Id., 98 Tex. 364, 83 S. W. 1098; El Paso & S. R. Co. v. Darr (Tex. Civ. App.) 93 S. W. 166; St. Louis, I.

M. & S. R. Co. v. Bass (Tex. Civ. App.) 140 S. W. 860.

In pursuance of the agreement mentioned, plaintiff in error filed the instant suit in a district court of Hidalgo county against the telephone company, alone, to recover on account of the injuries in question, alleging that the defendant negligently placed and maintained the wire over and across the railway right of way at such height as to sweep plaintiff in error from his lawful position atop of the passing freight car. The telephone company answered, and set up a cross-action and sought recovery over against the railway company, thereby impleaded. The railway company answered, and all parties in due time proceeded to trial. At the conclusion of the trial the court directed a verdict in favor of the telephone company against the plaintiff, and upon this verdict rendered judgment in accordance therewith, and dismissed the railway company as a natural corollary. Cox, as plaintiff below, has prosecuted writ of error.

■ Defendant in error has filed motion to dismiss the writ of error, upon the ground that the railway company is not made a party to the petition or an obligee in the writ of error bond. The railway company has filed its appearance in the proceedings in this court, and submitted itself to the jurisdiction of this court for all purposes of the appeal. We conclude that this instrument has the effect of curing the omission of the railway company from the petition, and that, under the circumstances of the case presented, it is apparent that the interests of plaintiff in error and the railway company are not adverse, but are quite in common, rendering it unnecessary to include the latter as an obligee in the bond. The motion to dismiss will be overruled.

Plaintiff in error bases his appeal entirely upon the contentions, first, that the written agreements and release did not operate to discharge the telephone company from liability to him; and, second, that the trial court erred in admitting those instruments in evidence. We have already discussed the effect of the release agreements, and have held that they did not operate to discharge the telephone company from its original liability, if any, to Cox. The result of this holding is to sustain plaintiff in error's contention upon that point, as promulgated in his first proposition of law.

■ With reference to plaintiff in error's second and remaining proposition, we conclude that the court did not err in admitting in evidence the written agreement and release referred to. These instruments were admissible if for no other purpose than to enable the court to set off the amount already paid plaintiff in error by the railway company, against any total recovery; and

to adjust the apportionment of damages, if any, between the defendants below.

But the mere fact that the court erroneously construed the instrument in question does not within itself warrant a reversal of the judgment appealed from. For, in order to justify reversal, it must appear from assigned errors, or upon the face of the record, that under no other theory of the case was the court warranted in directing the verdict, or, stated differently, that there was material evidence in support of plaintiff in error's cause of action which the court should have submitted to the jury for determination. This showing could be made only by assignment of error filed in the trial court in the way of a motion for new trial, brought forward into plaintiff in error's brief, and supported by a statement of the particular evidence pertinent to the assignment. No such contention was made in plaintiff in error's motion for new trial, or in the transcript or brief on appeal, either by assignment of error or proposition of law, and none of the evidence adduced below is brought forward into the brief to support such contention. The existence of such evidence is not mentioned in the brief.

It is apparent upon the face of the record, however, that the cause was tried upon its merits, aside from the matter of the release of the railway company. This is disclosed by a casual glance at the 42-page statement of facts. It must be presumed in such situation, in support of the right action of the trial court, and in the absence of assignment of error upon the point, that this evidence was such as to warrant the trial court in directing a verdict, and the judgment rendered upon such verdict must be upheld upon appeal. For, it has been settled in this state, after a period of confusion of decision, that the action of a trial court in directing a verdict does not constitute fundamental error, or error apparent upon the face of the record, since, in order to consider and determine the matter, the appellate court would be required to search the whole statement of facts in order to discover if there is evidence sufficient to take the case to the jury. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903; Id. (Tex. Civ. App.) 264 S. W. 602; Cavitt v. Cavitt (Tex. Civ. App.) 295 S. W. 193. Under that rule plaintiff in error is cut off in this case from claiming that, aside from the erroneous ruling on the written instruments in question, there was sufficient evidence on the merits of the controversy to take the case to the jury, since he did not, in his brief nor in the trial court, assign error for that purpose, or set out in his brief any of the testimony adduced upon the trial. This court is under no duty, and has no power, to assign such error for the parties, nor is it required to search the statement of facts to discover testimony to support such assignment. In other words, that error, if it is error, is not apparent upon the face of the record, is not fundamental, and therefore is not entitled to consideration on appeal, in the absence of assignment thereof by the party appealing. The rule is better stated by the Commission of Appeals in Ford & Damon v. Flewellen, supra: "There is therefore nothing for this court to review, unless the record discloses some fundamental error, of which cognizance should be taken without an assignment. There is none; the trial court had jurisdiction of the parties and of the controversy; the judgment is one it had the power to render under the pleadings; and this court, without going through the entire statement of facts, is unable to say that any action prejudicial to the rights of appellants was taken. In such circumstances our Supreme Court has uniformly held that no error of law apparent upon the record appears, and that a Court of Civil Appeals is not required to hunt through the statement of facts."

The plain object of this rule is to place upon the complaining parties to appeals the burden of affirmatively showing errors which are hidden away in long records, and of relieving reviewing courts of the burden of searching throughout such records for errors; to facilitate the consideration and determination of appeals, and end litigation. Obviously it is a just and reasonable rule, easily complied with by the parties assuming the burden of attacking the judgments of trial courts, and substantial compliance with it must be enforced.

We have said that plaintiff in error omitted from his brief any assignment, and filed none in the trial court, designed to show that the evidence was such as to take the case to the jury on its merits, and brought into his brief not one syllable of that evidence, literally or in substance. The effect of this omission was to raise the presumption that no such evidence was adduced, and that the trial court therefore properly directed a verdict in favor of defendant in error.

The judgment is affirmed.