## WILLIAMS v. GLOBE GRAIN & MILLING CO.

No. 4110.   Decided July 31, 1924.   (228 Pac. 192.)

1.  MUNICIPAL CORPORATIONS—NEGLIGENCE CAUSING COLLISION HELD FOR JURY. In an action for damages to plaintiff's automobile from a collision, evidence *held* not to justify directing a verdict for defendant.

2.  MUNICIPAL CORPORATIONS—NEGLIGENCE IN DRIVING OMNIBUS STRIKING AUTOMOBILE HELD FOR JURY. Where plaintiff under Comp. Laws 1917, § 3978, as amended by Laws 1921, c. 83, had the right of way over defendant's omnibus, which came from behind a street car, without warning required by the statute, and struck his automobile, there was sufficient proof of defendant's negligence to go to the jury.

3.  MUNICIPAL CORPORATIONS—NEGLIGENCE PRODUCING SITUATION DETERMINES LIABILITY FOR COLLISION. The fact that neither driver of an automobile saw the other until too late to avoid an accident does not prevent a recovery for damage, since in such a case the negligence, if any, producing the situation determines the liability.

4.  MUNICIPAL CORPORATIONS—WHETHER DRIVER OF AUTOMOBILE COULD HAVE SEEN APPROACHING OMNIBUS HELD FOR JURY. In an action for damages to an automobile in collision with an omnibus, though a bystander could see defendant's approaching omnibus, the question whether plaintiff could or should have seen it was for the jury, but even if that was found against him it would be for the jury to say whether plaintiff was justified in depending upon the driver of the omnibus keeping it under control and yielding plaintiff the right of way, which was his under Comp. Laws 1917, § 3977, as amended by Laws 1921, c. 83.

5.  MUNICIPAL CORPORATIONS—FAILURE OF DRIVER OF AUTOMOBILE TO STOP HELD NOT NEGLIGENCE PER SE. Under Comp. Laws 1917,

§ 3977, as amended by Laws 1921, c. 83, it was not negligence per se, for driver of automobile struck by omnibus to fail to stop by street car which had stopped to take on or discharge passengers, but was headed in opposite direction from automobile.

6. MUNICIPAL CORPORATIONS—THAT ACCIDENT OCCURRED AT STREET INTERSECTION HELD NOT TO WARRANT DIRECTION OF VERDICT. Where automobile driver had the right of way under Comp. Laws 1917, § 3798, as amended by Laws 1921, c. 83, and omnibus ran from behind a street car without warning and struck the automobile, the fact that accident was at a street intersection, there being an alley on one side of the street, did not warrant directing verdict for defendant.

See 28 Cyc. pp. 49 (1926 Anno), 913 (1926 Anno), 914 (1926 Anno).

Appeal fom District Court, Second District, Weber County; *J. N. Kimball*, Judge.

Action by Fred Williams against the Globe Grain & Milling Company. From judgment for defendant, plaintiff appeals.

REVERSED and new trial granted.

*C. R. Hollingsworth*, of Ogden, for appellant.

*De Vine, Howell, Stine & Gwilliam*, of Ogden, for respondent.

CHERRY, J.

This action is for damages sustained to plaintiff's automobile against which it is alleged defendant negligently drove a large automobile omnibus. A trial was had before a jury, and, after the evidence of both parties had been produced, the court directed a verdict for defendant. Plaintiff appeals.

The question is whether the liability of defendant, under the evidence, should have been submitted to the jury.

The evidence was not in material conflict and disclosed the following state of facts: Plaintiff was driving his automobile westerly on the north side of one of the principal business streets in the city of Ogden. He was traveling (as he and others testified) at the rate of 10 or 15 miles per hour, and the way directly ahead of him was clear. An eastbound street car had stopped in the middle of the street. As plaintiff proceeded past the standing street car the omnibus of defendant, which had been traveling easterly on the south side of the street, turned northerly and was driven immediately behind the street car and across the street toward the north side, where it struck plaintiffs' automobile broadside and caused the injuries and damages sued for. The street car, at least partially if not wholly, prevented the respective drivers of the vehicles from seeing each other, until the vehicles came in close proximity with each other. Neither driver gave any signal or warning of his approach to the place where the accident occurred. The evidence was such that the jury might well have concluded that neither car was traveling at an excessive rate of speed. Directly opposite and north of the point where the accident occurred is an alley extending north from the street to which the driver of defendant's omnibus testified he was bound when he collided with plaintiff's car.

To sustain the judgment upon the record it is necessary to conclude that there is a failure of proof of defendant's negligence proximately causing the accident, or that the proof clearly shows contributory negligence on the part of plaintiff which precludes him from recovering the damages suffered. We think the record does not justify either conclusion.

It is not disputed that plaintiff was on the proper side of the street, and that the way ahead of him was clear. There is ample proof that he was traveling at a moderate and safe rate of speed. By express law he had the right of way over defendant's omnibus, which was approaching from the left. Comp. Laws Utah, § 3978, as amended by Laws Utah 1921, c. 83. This section of the statute also provides:

"An operator of a motor vehicle or tractor shall sound his horn or other signaling device when approaching points on the highways where the view ahead is not clear or where the view of an intersecting or connecting highway is obstructed."

That the driver of defendant's large. and heavy omnibus came from behind the street car, without warning, and into the path to which plaintiff had the superior right, thereby striking and injuring plaintiff's passing automobile, under the circumstances, was sufficient proof of defendant's negligence to be submitted to the jury.

Respondent suggests that, as neither driver saw the other until too late to avoid the accident, the accident was unavoidable and. neither can recover. It is not enough to say, after a certain situation has arisen that the accident was unavoidable. In such case, the negligence, if any, producing the situation determines the liability.

It is contended that plaintiff was guilty of contributory negligence precluding him from recovering the damages suffered (1) because he could and should have seen defendant's omnibus approaching, and by turning to the right could have avoided the accident; (2) that plaintiff drove his automobile past a street car standing still for the purpose of taking on or letting passengers off, in violation of Comp. Laws Utah 1917, § 3977; and (3) that the situation of the alley on the north side of the street constituted the place of the accident an intersection and imposed upon plaintiff a degree of care which he did not observe.

There is no merit in either contention. The claim that plaintiff could and should have seen defendant's omnibus in time to avoid being struck by it is based upon the testimony of one of plaintiff's witnesses who observed the accident while sitting in an automobile standing on the north side of the street at a point in the same general direction from defendant's omnibus as the plaintiff was situated, and who testified that he saw defendant's omnibus approaching behind the street car. It is argued that if this witness saw defendant's omnibus it is conclusive of the fact that plaintiff could and should have seen it had he observed the proper lookout. The question of fact as to whether the plaintiff could or should

have seen the omnibus was for the jury, but even if it was found against the plaintiff it would not alone preclude his recovery, because it would remain for the jury to say whether, under all the circumstances, the plaintiff was justified in depending upon defendant's driver observing his duty to keep his omnibus under control and yield the right of way to plaintiff.

Neither was it negligence per se for the plaintiff to fail to stop his automobile by the street car which had stopped for the purpose of taking on or discharging passengers. The statute in force at the time (Comp. Laws Utah 1917, § 3977, as amended by Laws of Utah 1921, c. 83) requires such stop by operators of vehicles in the rear of such street cars only which are "headed in the same direction." In this case the street car was headed in the opposite direction from the way plaintiff was traveling.

The claim that the place of the accident was a street intersection on account of the existence of the alley on the north side is of doubtful validity, but, assuming that it was an intersection the evidence in the case did not warrant the trial court in directing a verdict.

The judgment is reversed and a new trial granted. Appellant to recover costs.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.