## VINCENT et al. v. JOHNSON.
### No. 3295.

Court of Civil Appeals of Texas. Beaumont.

May 13, 1938.

Rehearing Denied May 25, 1938.

Sewell, Taylor Morris & Garwood, of Houston, and Manry & Cochran, of Livingston, for appellants.

Campbell & Foreman, of Livingston, for appellee.

WALKER, Chief Justice.

In the lower court, appellee, S. P. Johnson, was plaintiff, and appellants, C. R. Vincent and Carl Kirkwood, were defendants. For cause of action appellee alleged: (1) On the 30th day of November, 1936, appellee and A. S. Sallas were driving a hoopee—an old Model T truck, belonging to appellee, Sallas at the wheel—in a southerly direction, on the right-hand side of Highway No. 35 in Montgomery County. Appellant Kirkwood, as a servant and employee of appellant Vincent, was driving a truck and trailer loaded with cotton and cottonseed, immediately behind appellee's hoopee, and in the same direction. In attempting to pass the hoopee, Kirkwood caused his truck to strike the hoopee, turning it over and inflicting upon appellee serious personal injuries. (2) Appellee alleged that appellants were guilty of negligence in failing to drive the truck sufficiently far to the left; in driving so as to cause the truck to strike the hoopee; in driving at such a high rate of speed as to cause the rear end of the truck and trailer to strike the hoopee; and in driving the truck at a rate of speed in excess of 25 miles per hour in violation of the Penal Code; he also plead the theory of discovered peril. Appellants answered by demurrers, general and special, general denial, and by pleas of contributory negligence, and that appellee and Sallas were engaged in a joint enterprise.

On the undisputed evidence the hoopee was "overturned"; appellee and Sallas were riding in it at the time it overturned, engaged in a joint enterprise, and Sallas was driving. The jury found: (1) Sallas

was driving the hoopee on the right-hand side of the road at the time it overturned; Kirkwood, the servant and agent of Vincent, undertook to drive his truck and trailer past the hoopee, and by striking it caused it to turn over; (2) Kirkwood failed to drive his truck far enough to the left of the hoopee to pass it without striking it, this was negligence and a proximate cause "of the overturning" of the hoopee; (3) at the time he attempted to pass ·the hoopee, Kirkwood was operating his truck and trailer "at a rate of speed in excess of 25 miles per hour"; the rate of speed "caused the truck, or some portion thereof"; to strike the hoopee; and "the striking of the hoopee was a proximate cause of said car overturning"; (4) the collision was not the result of an "unavoidable accident"; (5) all issues of contributory negligence were found in appellee's favor; (6) appellee's damages for personal injuries were assessed at $14,000.00, and the parties agreed that $48.00 was a proper charge for the hospital and doctor bills, and $25.00 for the ambulance service. On the verdict of the jury and the agreement of the parties judgment was entered in favor of appellee against, appellants, jointly and severally, for the sum of $14,073.00. From that judgment appellants have duly prosecuted their appeal to this court.

█ The court gave the following definition of proximate cause:

"'Proximate Cause,' as used herein, means the moving and efficient cause, which, in a natural and continued sequence, unbroken by any new and independent cause, produces the result complained of, and without which that result would not have occurred, and in the light of the attendant circumstances, such result, or a similar one, ought to have been foreseen by a person of ordinary care and prudence.

"There may be one or more proximate cause producing an event or occasion.

"By 'New and Independent Cause' is meant an intervening efficient force which breaks the causal connection between the original act and the injury. Such new force must be sufficient of itself to stand as the cause of the injury, and be one but for which the injury would not have occurred.

"The term 'New' refers to and means a cause incapable of being reasonably foreseen by the original actor by the use of ordinary care on his part.

" 'Independent' refers to and means the absence of the relation of cause and effect between the new cause and the original act or omission; and, unless the intervening cause is thus both new and independent, sufficient of itself to stand as the cause of the injury, breaking the causal connection, the original actor is not relieved from legal responsibility for his negligent acts."

We overrule appellants' exception to this definition that it was "improper, incomplete and incorrect because it does not embrace the idea that a cause, the natural and continuous sequence of which is broken by a new independent cause is not a proximate cause". We find every element in the court's definition, contended for by appellants in their exception.

█ The court gave the following definition of unavoidable accident:

"An 'Unavoidable Accident' is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party by the use of means suggested by common prudence, it was not unavoidable." The court's definition has support in·the following authorities: Wichita Valley Ry. Co. v. Minor, Tex.Civ. App., 100 S.W.2d 1071; Orange & N. W. R. Co. v. Harris et al., 127 Tex. 13, 89 S.W.2d 973; Dallas Railway & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777; Texas & Pacific Ry. Co. v. Edwards, Tex.Com.App., 36 S.W.2d 477; Galveston, H. & S. A. Ry. Co. v. Gormley, Tex.Civ. App., 35 S.W. 488; Speer, Special Issues, 1932, pp. 104, 766.

█ To aid the jury in answering the question assessing appellee's damages, the court gave the following charge:

"To aid you in answering the foregoing issue you are instructed that you may take into consideration the following elements of damage, if any, and none other, * * * the physical pain and suffering, if any, of the plaintiff, S. P. Johnson, from the date of the collision in question to the date of trial, that was a direct and proximate result of the automobile in which he was riding overturning."

Against this charge appellants advanced the following proposition:

"The trial court erred in submitting to the jury special issue No. 10 and the instructions of the court accompanying the

same, inquiring of the jury as to the amount of money which would fairly and reasonably compensate plaintiff for the damages sustained by him, over the objection of the defendants that same is upon the weight of the evidence in that said special issue and the instructions accompanying the same assume and are calculated to induce the jury to believe that the plaintiff is suffering from damages as the result of a collision."

Neither the proposition nor the exception direct our attention directly to the very defect argued before us on submission. As we understand appellants' argument they complain that the words, "the date of the collision" in that portion of the charge "from the date of the collision in question to the date of the trial", were on the weight of the evidence and informed the jury that, in the court's judgment, the truck struck the hoopee, 'which was the very point in controversy. The exception was in the most general language, and did not direct the trial court's attention to the defect now assigned, and is insufficient to support the proposition and its assignment of error. Norwich Union Indemnity Co. v. Wilson et al., Tex.Civ.App., 17 S.W.2d 68, error dismissed; Hubb Diggs Co. v. Bell, Tex.Civ.App., 297 S.W. 682; Ford Motor Co. v. Maddin et al., 124 Tex. 131, 76 S.W.2d 474; Isbell et al. v. Lennox et al., 116 Tex. 522, 295 S.W. 920; Texas Employers' Insurance Association v. Herring, Tex.Civ.App., 269 S.W. 249.

But we are not prepared to agree with appellants that the charge, on any possible exception, was on the weight of the evidence. Appellee alleged "a collision", and his testimony put in issue a collision. Appellants' testimony controverted the theory of "a collision". In the strictest sense, "the collision" was "in question", and the court by his charge did not assume the fact of a collision. "Collision in question" simply means "the alleged collision".

By propositions 5 to 20 appellants complain of the refusal of the court to submit to the jury certain specific acts of Sallas "as the cause of overturning the hoopee", both as "a proximate cause" and also as "the sole proximate cause". These issues were correctly refused. The issue in the case was simply—did appellants strike the hoopee with their truck and trailer, or did it overturn as the result of Sallas' careless driving? The facts of his driving were mere matters of evidence.

A plea of contributory negligence is in the nature of a "confession and avoidance"; the defendant says, "Yes, my negligence was a proximate cause of your injury, but your negligence was a contributing cause". In this case appellants made only the issue that they did not strike the hoopee; that issue was submitted to the jury and found against them. On their theory of the evidence the issue of contributory negligence, and the issue of sole proximate cause were not in the case. Appellee's testimony was to the effect that the truck and trailer struck his hoopee; insofar as Sallas' conduct in driving the truck, under any theory of the evidence, could have been a contributing cause of the collision, it was submitted to the jury and answered against appellants.

We give issue No. 4: "Do you find from a preponderance of the evidence that Carl Kirkwood failed to drive his truck sufficiently far to the left-hand side of the highway to pass the Ford in which plaintiff was riding without striking the same?", And issue No. 5: "Do you find from a preponderance of the evidence that Carl Kirkwood was guilty of negligence in failing to drive his truck sufficiently far to the left-hand side of the highway to prevent striking the Ford in which plaintiff was riding, if you have so found?" These issues were not duplicitous nor "too general", nor did they permit "the jury to go outside the pleadings and the evidence".

Appellee plead that appellants' truck and trailer constituted a commercial motor vehicle, and that, at the time of the alleged collision, it was being operated at a rate of speed in violation of section 8 of article 827a, Vernon's Ann.Penal Code: "It shall be unlawful to operate upon said public highways a commercial motor vehicle as defined in this act * * * of either a registered or actual gross weight of over six thousand (6,000) pounds at a rate of speed in excess of twenty-five (25) miles per hour."

On the trial the parties made the following agreement: "It is agreed between the plaintiff and defendants that the truck driven by Cark Kirkwood at the time of the occurrence made the basis of this suit, was a commercial motor vehicle of a registered and actual gross weight in excess of six thousand pounds." On this statement the court did not err in asking the jury whether the truck at the time of the alleged collision was being "operated at a rate

of speed in excess of 25 miles per hour", and whether the rate of speed caused the truck to strike the hoopee and was a proximate cause of the hoopee overturning. The rate of speed was submitted and, as found by the jury, constituted negligence as a matter of law; the other questions submitted such negligence as a proximate cause.

The findings of the jury on the issue "of legal negligence" supports the verdict, even if, as against our conclusion, the court erred in the manner of submitting the issue of appellants' negligence in failing to drive their truck a sufficient distance to the left of the hoopee.

■ The issue submitted by the following question was raised by the pleadings and the evidence: "Do you find from a preponderance of the evidence that the car in which plaintiff was riding overturned as a result of being struck by some portion of the truck and trailer driven by Carl Kirkwood?" This issue was not duplicitous nor multifarious; that the hoopee turned over was conceded—the only controverted issue submitted was the cause of its overturning.

By propositions thirty-three to forty inclusive, appellants complain of the argument of appellee's counsel. We have carefully examined these assignments and find them without merit.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.