## CITY OF COLEMAN v. KENLEY.
### No. 2326.

Court of Civil Appeals of Texas. Eastland.
Feb. 12, 1943.

Rehearing Denied March 5, 1943.

Dibrell & Snodgrass, of Coleman, for appellant.

Baker & Baker, of Coleman, for appellee.

GRISSOM, Justice.

Wilson J. Kenley instituted this suit against the City of Coleman and A. J. Wallace, M. E. Ruby and L. R. Bowden to recover damages suffered by reason of the accidental death by electrocution of his minor son, W. J. Kenley, Jr. On March 10, 1942, the cause came on for trial, whereupon a compromise settlement was agreed upon by Plaintiff and Wallace, Ruby and Bowden, whereby in consideration of the payment to plaintiff of $2,000, Wallace, Ruby and Bowden (hereinafter referred to as Wallace et al.) were dismissed from the suit. Plaintiff then (on March 10, 1942), filed an amended petition in which the City of Coleman was the sole defendant and in which the City alone was charged with negligently causing the death of his boy. The cause then proceeded to trial against the City as the sole defendant. Upon a jury verdict finding the damages suffered

928

by Plaintiff to be $4,500, judgment was rendered against the City for $2,500, thus crediting the judgment with the $2,000 paid by Wallace et al. The City has appealed.

The City's first four points are that the Court erred (1) in overruling Appellant's motion for judgment, (2) in refusing to instruct a verdict for the City, and (3) in overruling the City's second and (4) third grounds of his motion for judgment. Under these points the City presents two propositions, stated as follows:

One: "Appellee, having received a full satisfaction and compensation for damage resulting from the tortious death of his son, W. J. Kenley, Jr. in the settlement with this Appellant's alleged joint tort-feasors, Wallace, Ruby and Bowden, was not entitled to any recovery herein against Appellant."

Two: "The appellee having accepted a payment of $2000.00 from Wallace, Ruby and Bowden, alleged joint tort-feasors with Appellant City of Coleman, in full discharge, release and satisfaction of all claim against them arising or growing out of the death of W. J. Kenley, are precluded from recovering against the Appellant for any damage allegedly arising out of said death."

Kenley answered said propositions, among other things, with counter-points asserting that the compromise settlement and agreed judgment between Kenley and Wallace et al. (made with the knowledge and consent of the City and the City being a party to the agreement and judgment) did not release the City, but on the contrary in the agreement and judgment Kenley expressly reserved the right to sue the City for damages, and that it was not contemplated or intended by any of the parties that the payment by Wallace et al. was to be in full satisfaction of the damages suffered by plaintiff; that plaintiff accepted $2,000 from Wallace et al. only as part satisfaction of his damages and was not thereby estopped from seeking the balance of his damages from the City.

At the time of the compromise settlement, agreed judgment and dismissal of Wallace et al. from the suit, there was a companion case pending in the same court against the same defendants, that is, the case of Elder Smith et al. v. City of Coleman et al. Smith also made a compromise settlement with Wallace et al. Thereupon the following agreed judgment was rendered in each of said cases:

"On this the 10th day of March A. D. 1942, came on to be heard both of the above styled and numbered causes, and came all parties in person and by attorneys and announced ready for trial in each of said cases; whereupon, the parties announced to the Court that as to the defendants, Wallace, Ruby & Bowden, and each of them all issues of law and of fact had been finally disposed of and concluded by a compromise settlement agreement, subject to the approval of the Court, which is as follows:

"It is agreed by and between Wilson J. Kenley and his wife, Ida Kenley, the City of Coleman, Texas, a municipal corporation, and the defendants A. J. Wallace, L. R. Bowden, and M. E. Ruby that judgment may be entered in term time or vacation in cause No. 6099-B in favor of plaintiffs that plaintiffs recover of and from defendants Wallace, Ruby & Bowden the sum of $2000.00 (Two Thousand and No/100 Dollars) and one-half of the costs of court accrued to this date in full, final and complete release, discharge and satisfaction of any and all causes of action which plaintiff Wilson J. Kenley, or any person claiming by, through or under him, or persons in privity with him, his heirs, assigns and personal representatives; or, any person claiming by, through or under W. J. Kenley, deceased, his heirs, assigns or representatives, or beneficiaries under the death statute, might have against said defendants, Wallace, Ruby & Bowden, their employees, agents and servants, or any person in privity with any of them, for damages, actual or exemplary, under the death statute [Vernon's Ann.Civ.St. art. 4671] for loss of earnings and services, medical expense, funeral expense, physical pain or sufferings, property damage, or any other element of damage, whether mentioned herein, or not, arising or growing out of the death of W. J. Kenley, on or about August 17th, 1940, or resulting from any matter mentioned in the pleadings herein. Said plaintiff does hereby agree to indemnify said defendants, Wallace, Ruby & Bowden against any action or cause of action asserted against them by any person claiming damages by reason of said death. It is agreed that this is a compromise settlement agreement; that defendants aforesaid do not admit liability, but expressly deny liability; and this settlement is made for the purpose of buying the peace of said defendants and to avoid further expense.

"It is further agreed that this settlement is made solely and exclusively upon the judgment of plaintiffs and their attorneys and in making said settlement plaintiffs are not relying upon any act, statement, representation or conduct on the part of defendants herein; and, it is further agreed that by making this settlement plaintiffs are not releasing any cause of action, if any, against defendant, the City of Coleman, Texas, and that this is not intended as a release of said City of Coleman by plaintiffs.

"The City of Coleman, Texas, acting by and through its attorneys of record duly empowered in the premises, do hereby release, relinquish and discharge unto defendants A. J. Wallace, L. R. Bowden and M. E. Ruby any action or cause of action for damages, contribution, indemnity or for any other matter growing out of the death of W. J. Kenley, deceased, or growing out of any injury or damage to Elder Wayne Smith, Elder Smith, or any other person by virtue of the accident in which said Kenley and Smith received injuries on or about August 17, 1940, and alleged in plaintiff's petitions in either of the foregoing causes; and, does hereby expressly covenant not to sue or aid, abet or assist any other person in suing defendants Wallace, Ruby & Bowden, or persons in privity with them for any of said matters. Said defendants Wallace, Ruby & Bowden do hereby release their action and cause of action, if any, against the City of Coleman, Texas, and do hereby covenant not to sue or further prosecute their suit against said City of Coleman, Texas, for any of the matters mentioned in the pleadings herein, in either of said causes.

"It is further agreed that judgment shall be entered in term time or in vacation in favor of Elder Smith, individually, for the sum of $200.00 (Two Hundred and No/100 Dollars) and in favor of Elder Wayne Smith, acting herein by and through Joe L. Ward, as his next friend for the sum of $100.00 (One Hundred Dollars) and against the defendants A. J. Wallace, L. R. Bowden and M. E. Ruby, together with one-half of the costs of Court accrued to date which are now unpaid in full, final and complete release, discharge and satisfaction of any and all claims for any matter alleged in plaintiffs petition herein; and, said sum having been paid by defendants to plaintiffs, receipt of whch is acknowledged, the undersigned, Elder Smith, Elder Wayne Smith, the mother of Elder Wayne Smith, and the next friend of the said Elder Wayne Smith, do hereby release all actions and causes of action for damages, actual or exemplary, for personal injuries, medical expense, loss of service, loss of earning capacity, or for any other matter, whether mentioned herein or not, arising out of the alleged accident in which Elder Wayne Smith, a minor, was involved on or about August 17th, 1940, and as alleged in plaintiff's petition, whether said injuries or damage are known or unknown, and whether or not same have accrued and materialized at this date, or not, as against the defendants Wallace, Ruby & Bowden. It is further agreed that this settlement is made solely and exclusively of the free will and accord and upon the exclusive judgment of plaintiffs and their attorneys and that plaintiffs are not relying to any extent on any act, statement, conduct or representation on the part of defendants or persons in privity with them. And said plaintiffs do hereby indemnify said defendants Wallace, Ruby and Bowden against any action or recovery against said defendants Wallace, Ruby & Bowden, for any of the matters mentioned in the pleadings herein, or which could have been mentioned herein. This agreement, however, shall not constitute any release of any cause of action, if any, which plaintiffs may have against defendant the City of Coleman, Texas; but the covenant not to sue on the part of all defendants herein shall be applicable to the injuries and damages, if any, sustained by Elder Wayne Smith, and persons claiming by, through and under him.

"It is the intention of all the parties to these actions that defendants Wallace, Ruby & Bowden, are to be fully dismissed from any further liability to any person whomsoever, for any of the matters alleged in plaintiff's petition in either of said causes, or which could have been alleged therein, or in any of the pleadings of any party.

"Witness our hands this the 10th day of March, A. D. 1942. [Here follow the signatures of the parties and their attorneys.]

"And, the Court having heard the pleadings, the evidence and argument of Counsel, and it fully appearing to the Court that that the foregoing compromise settlement agreement is just, fair, and equitable and should be approved, and it appearing to the Court that all of the parties and their

attorneys fully understand said agreement, it is ordered, adjudged and decreed by the Court that said agreement be and same is hereby approved, ratified, confirmed and adopted as a part of this judgment.

"It is further ordered, adjudged and decreed by the Court that in Cause No. 6099-B, plaintiffs and their attorneys do have and recover of and from the defendants Wallace, Ruby & Bowden, the sum of $2000.00 and one-half of the costs of court; and same, having been paid, it is ordered that no execution issue herein.

"It is further ordered, adjudged and decreed by the Court that in Cause No. 6100-B plaintiff Elder Smith, individually, and his attorneys recover of and from the defendants, Wallace, Ruby & Bowden, the sum of $200.00, and that plaintiff Elder Wayne Smith, acting by and through his next friend, do have and recover of and from defendants Wallace, Ruby & Bowden, the sum of $100.00 and one-half of the costs of court accrued to date, to be paid into the registry of the court; and said sums having been paid it' is ordered that no execution issue thereon, and that said payments are made and received in full, final and complete release, discharge and satisfaction of all actions and causes of action against defendants A. J. Wallace, M. E. Ruby and L. R. Bowden, and they shall have no further liability to any other party to this action.

"This judgment shall be entered by the Clerk in Cause Nos. 6099-B and Cause No. 6100-B. Said Defendant's action against the City of Coleman, Texas, is dismissed, one-third of recoveries are apportioned to Baker & Baker, attorneys."

In its brief the City says it may be conceded that in the settlement between Kenley and Wallace et al. it was Kenley's intention to release only Wallace et al., and not to release the City, and that it was the intention of Wallace et al. only to buy their peace, but nevertheless "whatever may have been the intention of the parties to the settlement", Kenley acknowledged full satisfaction of any cause of action which he had against Wallace et al. The City apparently concludes that as a matter of law it was released from all liability by reason of the compromise settlement between Kenley and Wallace et al.

At the time the compromise settlement and agreed judgment between Kenley and Wallace et al. was made and entered, plaintiff's petition consisted of his fourth amended original petition, filed February 21, 1942, in which Kenley alleged that his minor son was, on the 17th day of August, 1940, electrocuted by a high voltage electric line owned and operated by the City in conducting its business of generating and selling electricity to the public; that the City knew its electric line was highly dangerous to anyone coming in contact with it, and that in order to safeguard the public said line should be properly insulated and supported on poles at a height of at least twenty-two feet above the ground and that the poles should be strong and the wires tightly stretched and insulated to prevent sagging or contact with things capable of conducting electricity; that the City's electric line ran through a pasture in a direct line from the corporate limits to a lake used by the public; that the general public, seeking to go to the lake, used said pasture as its most direct route in going to the lake, which direct route was near and under said electric line; that Wallace et al. were engaged in constructing a public road near defendant's electric line and were negligent in the manner of blasting and caused rocks to be hurled around said electric line; that all the defendants knew of the blasting near said electric line and that it would and did cause rocks, etc., to be thrown in the air around said electric line; that they negligently failed to inspect said electric line and the damage done to it by said blasting; that as a result of said blasting the electric line was injured and the insulators were broken; that rocks were thrown against the electric line; that the line sagged to within two feet of the ground; that the lines were fully charged and highly dangerous to any person coming in contact therewith; that defendants failed to inspect the line, failed to repair it and permitted it to remain within about two feet of the ground highly charged with electricity; that plaintiff's boy was wholly inexperienced in regard to the danger of such an electric line and in attempting to cross it came in contact with said electric wire and was killed. Plaintiff alleged his damages to be $20,000. Wallace et al. then had an answer on file in which they charged that the City's negligence was active; that the act of the City in maintaining its line at less than 22 feet above the ground was negligence and in violation of Art. 1436; that the City maintained its lines on old and rotten poles; that the line was not properly in-

sulated and was maintained at a height of less than 22 feet; that the City generated and transmitted through said electric line 2,400 volts while said line was being maintained by the City uninsulated and less than 22 feet above the ground. That plaintiff's damages were directly and proximately caused by the active negligence of the City, and that Wallace et al. were entitled to be indemnified by the City, or in the alternative, to contribution in the event plaintiff recovered judgment against Wallace et al. On March 10, 1942, plaintiff filed an amended petition containing the substance of his former allegations, above mentioned, and in which the City alone was charged with negligently causing the death of W. J. Kenley, Jr. The answer of the City of Coleman, filed on March 10, 1942 (the date of the compromise and agreed judgment between Kenley and Wallace et al. and the date on which plaintiff proceeded to trial against the City alone), did not allege nor suggest its present contention that by the form of the agreement and judgment between Kenley and Wallace et al., or otherwise, the City had been released and discharged of liability by said compromise settlement and agreed judgment, or that such judgment was res judicata. In this connection the City only alleged that if Kenley obtained judgment against the City, such judgment should be credited with the amount of money paid to Kenley by Wallace et al. Said pleading was as follows: " * * * that during the pendency of this suit, said Wallace & Bowden and M. E. Ruby, original co-defendants herein of this defendant, effected a settlement and compromise with the plaintiff herein and obtained a release from all further liability to the plaintiff upon the cause of action theretofore asserted herein against them by plaintiff by the payment to plaintiff of the sum of $2,000 which amount the plaintiff has received; that by reason of said facts, in the event it should be found that this defendant was guilty of any act or acts of negligence proximately resulting in the injuries complained of by plaintiff herein, then this defendant says that such sum of money as the jury may find would be reasonable compensation to plaintiff for the loss of the services of his said son should be credited with the full amount of such payment so received by plaintiff." The judgment rendered was in compliance and in complete accord with said answer of the City.

Regardless of the fact that the agreement between Kenley and Wallace et al. recites that plaintiff received $2,000 in full and complete release, discharge and satisfaction of any cause of action which plaintiff might have against Wallace et al., and although such provisions would, if taken alone, result in the release of the cause of action asserted; nevertheless, when the entire contract is considered it is evident the parties did not intend to release the cause of action asserted against the City and that the intention of the parties was, in effect, to enter into a covenant that Kenley would not further prosecute its suit against Wallace et al. All the provisions of the contract must be given effect and the actual intentions of the parties as disclosed by the entire instrument arrived at if possible. This cannot be done if the strict, technical meaning of the words "release, discharge and satisfaction of any and all *causes of action*" be given effect and made determinative of the parties intention, contrary to the plain intention evidenced by the entire contract. We, therefore, decline to attribute to such words their strict technical meaning and effect. Thompson v. Waits, Tex.Civ.App., 159 S.W. 82, 84, writ refused. The parties could not by such language have intended them in their strict technical meaning and signification. Assuming that but one cause of action existed and that said cause of action was, in the same instrument, released (by plaintiff to Wallace et al., as the City contends,) and expressly retained and not released (as to the City), as the instrument expressly and plainly states, then we either have two provisions directly to the contrary in the same instrument, destroying the whole instrument, or one of the provisions must be construed, contrary to its strict, technical signification, so as to give effect to all the provisions. 10 Tex.Jur. 282, 302, 290. The agreement provides: "It is further agreed that by making this settlement Plaintiffs are not releasing any cause of action, if any, against Defendant, the City of Coleman, Texas, and that this is not intended as a release of said City of Coleman, Texas, by Plaintiffs." This intention is further made manifest by the further provision near the end of the contract as follows: "This agreement, however, shall not constitute any release of any cause of Action, if any, which Plaintiffs may have against Defendant, the City of Coleman, Texas; but the covenant not to sue on the

part of all defendants herein shall be applicable to the injuries and damages, if any, sustained by Elder Wayne Smith, and persons claiming by, through and under him.

"It is the intention of all the parties to these actions that Defendants Wallace, Ruby and Bowden are to be fully dismissed from any further liability to any person whatsoever * * *."

The fact that the City of Coleman in its fourth amended original answer (filed on the day on which the agreed settlement and judgment between Kenley and Wallace et al. was made and rendered and on the day the cause proceeded to trial against the City, and on which the judgment was rendered), did not assert, or intimate, that the City then contended that the cause of action alleged against it had been released, or that the cause of action against it had been adjudicated, but on the contrary, then asserted only that the City was entitled to a credit of $2,000 on any judgment rendered against the City, shows that the City did not then so construe its agreement. It should be remembered the City was a party to said compromise agreement and judgment and that the City distinctly and expressly agreed therein that plaintiff, by settling with Wallace et al., was not releasing its cause of action against the City and that said agreement and judgment was not intended as a release of the City, and further, that the City immediately proceeded to trial, as the sole defendant on an answer, that did not allege it had been released or that the cause of action asserted against the City had been adjudicated; that it only pleaded, relative to this matter, that the City was entitled to have the $2,000 paid by Wallace et al. credited on any judgment rendered for Kenley against the City. The judgment the City has appealed from was so credited. This was in full accord with the view that there had been a partial settlement only and wholly opposed to the idea of a full release, satisfaction, or adjudication of plaintiff's cause of action against the City.

■ In 36 Tex.Jur. 821, it is said: "A release of one of two or more joint obligors will be construed merely as a covenant not to hold him further liable, rather than as a full settlement of the claim, where it appears that the releasor did not intend to settle with the other obligors, but reserved the right still to hold them liable for their proportionate part of the obligation."

■ In 10 Tex.Jur. 284, with reference to constructions of contracts, it is said: "A purpose which is necessarily inferred from the language of a particular clause, when considered alone, is not controlling where it is expressly negatived by a subsequent clause." The purpose inferred from the provision relied on by the City, when considered alone, is ·not controlling because it is expressly negatived by the repeated statement of the intention of the parties, one of whom was the City, that the cause of action against the City was not released. See 53· C.J. 1240, 1258. Looking to the entire instrument and surrounding circumstances and giving effect to all the provisions of the contract, and their apparent interpretation by the parties thereto at the time it was made, it is evident that the intention of the parties was that the plaintiff would no longer prosecute his suit against Wallace et al., but would carry on the suit against the City, and that, in legal effect, it was nothing more than a covenant not to further sue Wallace et al. See 36 Words and Phrases, Perm.Ed., p. 765. See, also, Merchants' National Bank v. McAnulty, 89 Tex. 124, 33 S.W. 963; Id., Tex.Civ.App., 31 S.W. 1091, 1097; Kirchoff v. Voss, 67 Tex. 320, 322, 3 S.W. 548; Bridges v. Phillips, 17 Tex. 128, 129; Bates v. Wills Point Bank, 11 Tex.Civ.App. 73, 32 S.W. 339, 340; Elgin City Banking Co. v. Self, Tex.Civ. App., 35 S.W. 953; Will A. Watkin Music Co. v. Basham, 48 Tex.Civ.App. 505, 106 S.W. 734; Lipe v. Webster, Tex.Civ.App., 278 S.W. 246, 247; 1 C.J.S., Accord and Satisfaction, § 13, p. 484; 1 Am.Jur. 257; 23 R.C.L. 407; 1 Tex.Jur. 256; 104 A.L.R. 852; 124 A.L.R. 1306; 66 A.L.R. 209; 50 A.L.R. 1072.

We are of the opinion that the City's contention, in substance, that because in one part of the agreement it is stated that Kenley released his "cause of action", as against Wallace et al., and since there was but one cause of action against Wallace et al. and the City, that Kenley's cause of action against the City was, as a matter of law, thereby released and discharged, has been overruled by decisions approved by the Supreme Court of Texas. Of course, such a provision unqualified by the reservation of a right to assert the cause of action against the remaining tort-feasor and without language showing a contrary in-

tention would have the effect attributed to it by the City. But, in the same instrument Kenley expressly reserved, with the consent of the City who was a party thereto, the right to pursue and assert his cause of action against the City. It expressly stipulated the City was not released. The instrument taken as a whole, despite the language relied on by the City, shows the intention of all parties to the instrument not to fully and completely release plaintiff's cause of action here asserted, but on the contrary evinces the intention to only partially release the cause of action originally asserted against both the City and Wallace et al.

In El Paso & S. R. Co. v. Darr, Tex. Civ.App., 93 S.W. 166, 169, writ refused, Darr was injured as a result of the negligence of two alleged joint tort-feasors; Darr received $500 from one of them and executed a written instrument which stipulated it was a "Release in full". That release recited that Darr released one railway "from all claims, demands, and *causes of action*" that Darr had against it by reason of an accident and injury to Darr. The release further recited that said sum was accepted by Darr "in settlement for all damages, injuries, and disabilities which may hereafter result from said accident, as well as for those now known to have been caused thereby. It is expressly understood and agreed that said sum is paid and accepted, not only for time and wages lost, expenses incurred, and property damaged and destroyed, *but also in full and final settlement of all claims of every nature caused by said accident.*" The release recited, however, that said settlement should not affect any claim which Darr had against any other company growing out of said accident. It was held such a release did not as a matter of law effect the release of the tort-feasor not settled with.

In St. Louis, I. M. & S. R. Co. v. Bass, Tex.Civ.App., 140 S.W. 860, 862, writ refused, Bass was injured as a result of the negligence of three alleged joint tort-feasors. Bass made an agreement with two of them, in consideration of the payment of $6,700, not to sue either of said two companies and released them from further liability by reason of said injuries. The releases further recited that in releasing said two companies "from any and all damages for claims for *causes of action* against either of" them it was not intended to re-

lease his "cause of action" against the third railway company, to wit, the St. Louis I. M. & S. Ry. Co. The St. Louis I. M. & S. Ry. Co. presented the following proposition: "Where a person is injured by the joint wrong of several persons, and the injured person makes a settlement, fully acquitting one of said wrongdoers responsible for his injury, it is satisfaction to all of them, though it may be expressly stipulated in the release that it shall not apply to any but the one making the payment." The Court said: "It is settled that the payment of damages by one joint tort-feasor, without any reservation as to the other joint tort-feasor, settles the claim for damages and relieves both of further liability; but, where payment is made to one in settlement of the claim for damages against it only, and it is understood that the other tort-feasor is not to be released from liability, but the right is reserved to demand of that other damages, he is responsible for such damages as may exceed the amount paid * * *."

In Cox v. Rio Grande Valley Telephone Company, Tex.Civ.App., 13 S.W.2d 918, 919, writ dismissed, the facts were that while Cox was in the course of his employment by the St. Louis, Brownsville and Mexico Railway Company he was swept from atop a moving car by an overhanging telephone wire suspended across the railway company's right of way. Cox sued the railway and telephone companies. Thereafter, Cox compromised and settled his claim against the railway for $4,750 and released the railway "from any and all claims he had, or might have, against it in the matter, obligated himself to not only hold it harmless against any further responsibility either to himself in a direct action or to other tort-feasors by cross-action who might be found liable for his injuries, but to reimburse the railway company, for its payment to him, out of any recovery he might thereafter have against the telephone company," or any other tort-feasor. It was agreed that Cox dismiss his case against the railway and telephone companies, and thereafter prosecute his suit in another county against the telephone company and any party, other than the Railway Co., that he might deem liable for his injuries. It was stipulated that Cox reserved his right to pursue any other tort-feasors, notwithstanding his release of the Railway Company. In that case the trial court, by reason of the provisions of said release of the Railway Company, di-

rected a verdict in favor of the telephone company. The Court of Civil Appeals held that because Cox in said release reserved the right to pursue other tort-feasors and enforce his cause of action against them, notwithstanding his release of all claims against the railway company, the release did not operate to discharge the telephone company from its original liability to Cox.

The following cases are to the same effect: Pennington v. Bevering, Tex.Com. App., 17 S.W.2d 772; McMullen v. Coleman, Tex.Civ.App., 135 S.W.2d 776, 778; Pearce v. Hallum, Tex.Civ.App., 30 S.W. 2d 399, writ refused; Atchison, T. & S. F. R. Co. v. Classin, Tex.Civ.App., 134 S.W. 358, writ refused; Thomas v. Pugh, Tex.Civ.App., 6 S.W.2d 202.

We construe the decision in Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W. 2d 703, 704, as being in accord with our view of the law and interpretation of the Texas decisions. The decision in Hunt v. Ziegler, Tex.Civ.App., 271 S.W. 936, 937, should be distinguished from the instant case because in said case there was an unqualified release of the cause of action against a joint tort-feasor and no "reservation of the right or privilege of pursuing any other tort-feasor for additional damages." This distinction was expressly recognized by Judge Smith in his opinion in the Hunt-Ziegler case, which was approved by the Commission of Appeals, 280 S.W. 546. This distinction was again pointed out by Judge Smith in his opinion in Cox v. Rio Grande Valley Telephone Company, Tex.Civ.App., 13 S.W.2d 918, 919, writ dismissed.

R. C. P. 94 provides in part: "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction * * * contributory negligence * * * estoppel * * * payment, release, res judicata * * * waiver, and any other matter constituting an avoidance or affirmative defense."

R. C. P. 279 provides in part: "* * * [except in certain cases not applicable here] a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part."

■ Said Rules of Civil Procedure were in effect when this case was tried. The City did not plead either accord and satisfaction, estoppel, payment, release or res adjudicata. It pleaded no affirmative defense named in the foregoing rules, other than contributory negligence, which was submitted and answered against the City. It did plead that by reason of the payment to plaintiff by Wallace et al., in the event judgment was rendered against the City, it was entitled to a credit of $2,000 on said judgment. The credit was allowed. It is evident that release or res judicata was not asserted by the City as a defense and that the cause was not tried on the theory that any such defense had been pleaded. Therefore, neither this court nor the trial court can give effect to such defenses, if they exist, and we think they do not.

The City's first two propositions are overruled.

■ The jury found the net value of deceased's services, from the time of his death in his thirteenth year until he would have become 21 years of age, was $1,500, and that plaintiff's damages by reason of loss of contributions from deceased after maturity was $3,000. The City contends said findings are unsupported by the evidence. There was evidence of the kind customary in such cases and of the only kind and character that can practically be produced in such a case. In Safeway Stores, Inc., v. Webb, Tex.Civ.App., 164 S.W.2d 868, 875, we considered substantially the same contentions in a similar situation. We could only reiterate here what we said in that case, and, due to the already unusual length of this opinion, we content ourselves with a reference to that opinion as a decision of the question. In further support of our conclusion that there was evidence, of the only type practicable in such instances, sufficient to support the verdict and that the verdict is not shown to be excessive, we cite Gulf, C. & S. F. R. Co. v. Ballew, Tex.Com. App., 66 S.W.2d 659, 663; Id., Tex.Civ. App., 39 S.W.2d 180, 183; Brunswig v. White, 70 Tex. 504, 508, 8 S.W. 85; Ft. Worth & D. C. R. Co. v. Measles, 81 Tex. 474, 477, 17 S.W. 124; Gainesville, H. & W. R. Co. v. Lacy, 86 Tex. 244, 24 S.W. 269; International-Great Northern R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506, 526; Greathouse v. Ft. Worth & D. C. R. Co., Tex.Com.App., 65 S.W.2d 762, 768; 13 Tex.Jur. 400.

■ The City's 8th and 22nd points present the contention that the Court erred in refusing its requested special charge on unavoidable accident, and in overrul-

ing its objection to the Court's definition of unavoidable accident. In support thereof, it cites only 30 Tex.Jur. 817, 818, and Rosenthal Dry Goods Co. v. Hillebrandt, Tex.Com.App., 7 S.W.2d 521. These authorities, insofar as they could be applicable, merely hold that in submission of the issue of unavoidable accident the burden must be placed on the plaintiff to prove the occurrence was not an unavoidable accident. We find no objection made to the issue on the ground that it did not put the burden of proof on plaintiff. The Court was apparently attempting to observe the admonition contained in R. C. P. 277 that "where practicable, all issues should be submitted in the affirmative and in plain and simple language." It was substantially in the form suggested by Chief Justice Alexander. Franki's Vernon's Texas Rules Civil Procedure page 287, Note. Prior to the enactment of the Rules of Civil Procedure, the Supreme Court suggested a form for the submission of the issue of unavoidable accident in Gulf, C. & S. F. R. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795, and Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 85, 95 S.W.2d 956.

The issue submitted, the jury's answer and the instruction in connection therewith were as follows:

"Special Issue No. 9: "Do you find from a preponderance of the evidence in this case that the injury and death of W. J. Kenley, Jr., the minor son of plaintiff was an unavoidable accident? Answer: No.

"In connection with Special Issue No. 9 above, you are instructed:

"(a) By unavoidable accident is meant: an accident that occurred without negligence either on the part of W. J. Kenley, Jr. or of the City of Coleman.

"(b) If you find from a. preponderance of the evidence that the injury and death of W. J. Kenley, Jr., was not an unavoidable accident, then you will answer the issue 'No'; otherwise, you will answer it 'Yes'."

The City excepted to the definition because it did not "limit the negligence to such negligence as may have been a proximate cause of the accident." The City. requested a special .charge that "by the term 'unavoidable accident' as used in special issue submitted to you is meant an occurrence that could not have been reasonably foreseen by either the deceased or by the defendants herein." The point was not made that Wallace et al. should have been included among those listed in the instruction as to the meaning of the term.

If unavoidable accident is deemed a matter of "avoidance or affirmative defense" (R.C.P. 94 and 279), as we think it is and as indicated in Franki's Vernon's R.C.P. page 294 Note, and 20 T.L.R. 37, it was not pleaded. We have observed no evidence raising the issue and none has been pointed out. But, assuming the issue was raised and we should consider these points, the issue was submitted in accord with those approved by the Supreme Court in Hicks v. Brown, 136 Tex. 399, 402, 151 S.W.2d 790, and Wheeler v. Glazer, 137 Tex. 341, 346, 153 S.W.2d 449. See, also, Wichita Valley R. Co. v. Minor, Tex.Civ. App., 100 S.W.2d 1071; Flores v. Sullivan, Tex.Civ.App., 137 S.W.2d 799; and Vincent v. Johnson, Tex.Civ.App., 117 S.W. 2d 135. As submitted it served the purpose for which the issue is intended. In Wheeler v. Glazer, 137 Tex. 341, 347, 153 S.W.2d 449, 452, Chief Justice Alexander speaking for the Supreme Court said: "The only legitimate purpose to be served in submitting unavoidable accident is to call the matter to the attention of the jury, so that it will not be .overlooked, and so that the jury will understand that they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of. This purpose is fully accomplished when the jury is told that the occurrence in question was an unavoidable accident if it happened without the negligence of either of the parties to the suit." Also see Vernon's Tex.R.C.P. page 295 Notes.

The Court's definition of proximate cause was substantially the same as that approved in Browning v. Graves, Tex. Civ.App., 152 S.W.2d 515, writ refused. It provided that in order for an act or omission to be a proximate cause of an event "it should have been reasonably anticipated and foreseen by a person of ordinary prudence in the exercise of ordinary care that the event, or some similar event, would result from such cause as a probable and natural consequence." We think this was a sufficient definition of the term "to enable the jury to properly pass upon and render a verdict on such" issue. R.C.P. 277. Also see Vernon's R. C.P. page 295 Note.

936

We have given careful consideration to the City's remaining points and have concluded they should be overruled. We think reversible error is not shown.

We overrule Kenley's contention that the Court erred in crediting the judgment with the $2,000 paid him by Wallace et al. (Italics in the opinion are ours).

The judgment is affirmed.

FUNDERBURK, Justice (dissenting).

The same question as the subject of a difference of opinion, is in this case, as in the City of Coleman, Texas, v. Elder Smith et al., 168 S.W.2d 936, the opinions in which are handed down the same day as the opinions in this case. For the writer's views on the question of whether under operation of the principles of accord and satisfaction and res judicata, the preliminary judgment in that case had the effect of discharging the City from liability, reference is here made to the minority opinion in that case.

There is one difference. In the other case the pleadings fully presented such issues. In the instant case the adjudicated satisfaction was not pleaded. If I understand the record, there was an attempt to plead it by way of trial amendment which was not permitted, and if there was any error in that respect, it must be regarded as waived, as the point is not presented for review in this appeal.

If the judgment relied upon as showing a satisfaction of the City's liability herein had been rendered in a different suit, it is probably true that the contentions of appellant, even if meritorious, could not be sustained because of the absence of essential pleading; but it seems to me it would be sacrificing substance to form to so hold since the court was required to take judicial notice of the preliminary judgment and all proceedings in the same case. If the effect of that judgment, as a matter of law, was to exempt the City from any further claim of liability, it seems to me it would be hairsplitting to say the court was without authority, or under no duty, to render the proper judgment based upon such facts. For the reason just stated and those relating to the main question as discussed in the case above referred to, it follows, of course, that in my opinion, the judgment should be reversed and judgment rendered that plaintiffs herein take nothing.