Iris H. **STRINGHAM**, Plaintiff and Respondent,

v.

James **BRODERICK**, Defendant and Appellant.

No. 13696.

Supreme Court of Utah.

Dec. 10, 1974.

George E. Mangan of Mangan & Draney, Roosevelt, for defendant and appellant.

Jackson B. Howard of Howard, Lewis & Petersen, Provo, for plaintiff and respondent.

TUCKETT, Justice:

Plaintiff commenced these proceedings in the District Court of Emery County, seeking to recover for injuries suffered and damages sustained by her as a result of an automobile collision. After a trial to a jury a verdict was returned in favor of the plaintiff and judgment upon the verdict was entered by the court. Defendant is here seeking a reversal.

The evidence is not in substantial conflict as disclosed by the following statement of facts: On the day of the accident the plaintiff was driving her automobile in an easterly direction on U. S. Highway 50–6 in Emery County, Utah. The highway was dry and the weather was clear except for strong winds in the vicinity. About five miles northwest of Green River, Utah, the plaintiff encountered a small dust storm which reduced visibility but which she quickly passed through. Plaintiff then immediately entered a second dust storm which was more severe and which reduced visibility to near zero. Plaintiff reduced her speed to approximately five miles per hour. The defendant was following the plaintiff's vehicle at some distance to the rear and he was not aware of its presence upon the highway. Prior to entering the second dust storm the defendant was proceeding at a speed of approximately 65 miles per hour but reduced his speed somewhat but did not apply the brakes. After the defendant had entered the dusty area a short distance he observed the rear lights of the plaintiff's vehicle ahead but he was unable to stop or to slow sufficiently to avoid a collision. The defendant's vehicle collided with the rear of plaintiff's car and propelled the plaintiff's automobile into a third vehicle ahead. The plaintiff's automobile burst into flames and she was rescued by the defendant. Plaintiff's husband was killed in the accident.

At the trial the defendant requested the court to instruct the jury on unavoidable accidents. The language of the defendant's request is as follows:

The law recognizes unavoidable accidents. An unavoidable accident is one which occurs in such a manner that it cannot justly be said to have been proximately caused by negligence as those terms are herein defined. In the event a party is damaged by an unavoidable accident, he has no right to recover, since the law requires that a person be injured by the fault or negligence of another as a prerequisite to any right to recover damages.

The court declined to so instruct the jury, but the court fully instructed the jury as to the issues of negligence, proximate cause and contributory negligence. It is only in a rare case that an instruction on unavoidable accident is applicable. If either party can avoid an accident by the exercise of proper care, it cannot be said to be unavoidable. The issue of unavoidable accident arises only where the evidence shows that the accident happened from an unknown or unforeseen cause or in an unexplainable manner which circumstances rebut the defendant's alleged negligence. In this case the defendant had a duty to anticipate that upon entering the second dust storm his vision would be reduced and perhaps obscured. The defendant did not attempt to further slow or to stop his vehicle until the intervening space between his vehicle and that of the plaintiff was insufficient to permit him to stop or to slow sufficiently. The rule of unavoidability does not apply when the negligence of a party puts him in such a position that a collision is inevitable.[1] The facts in this case do not bring it within the orbit of unavoidability and it would have been error for the court to have given the instruction requested by the defendant.

1. Williams v. Globe Grain & Milling Co., 64 Utah 82, 228 P. 192; Wellman v. Noble, 12 Utah 2d 350, 366 P.2d 701; Nissel v. Schacter, City Court, 192 N.Y.S.2d 439; Vincent v. Johnson (Tex.Civil App.), 117 S.W.2d 135; Stovall v. Whatley (Tex.Civil App.), 183 S.W.2d 672; Blashfield Auto. Law & Practice, 3rd Ed., Sec. 101.13.

■■ The defendant submits affidavits of five members of the jury which tended to show that the jury misconstrued or failed to understand the court's instructions. It is the rule in this jurisdiction that jurors may not impeach their verdict and a verdict may not be impeached by affidavits of jurors as to what was said or done in the jury room. Only that misconduct specified in Rule 59(a)(2) may be shown by affidavits of members of the jury.

The record does not reveal any errors in the proceedings in the court below which would justify a reversal. Judgment of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, and CROCKETT, JJ., concur.

ELLETT, Justice (concurring in the result).

I concur in the result; however, for the reasons stated in my dissent in the case of Woodhouse v. Johnson [1] I do not concur in the statement that an instruction on unavoidable accident is ever applicable.

1.  20 Utah 2d 210, 436 P.2d 442 (1968).